Opinion of the Court, by
Ch. J. Boyle.
THIS was a bill brought to obtain the conveyance of a small tract of land, which it is alleged that the ancestor of the defendants, on a verbal compromise of interfering adverse claims, stipulated to convey to the complainant, in consideration that he would relinquish his claim to the residue of the interference.
The only question material to be decided, is, whether the contract in this case is obligatory or not, under the statute against frauds and perjuries?
That statute requires a contract “for the sale of land” to be in writing, and that the contract in this case is of that description, cannot in our opinion admit of a doubt. The nature of the consideration cannot affect the case. Wherever the subject of the contract is land, and its object the transfer of title, whatever may be the consideration, the contract is, to every intent and purpose, a contract for the sale of land.
That contracts of this sort when fairly made and sufficiently proved by written evidence, ought to be enforced, admits of no question; but such a contract, however fairly made or however positively proved by parol testimony only, cannot be sustained in opposition to the plain requisition of the statute, it was said at the bar, that this court had repeatedly held that the statute did not apply to contracts of this kind; but no case was particularly cited in support of this position, and we are not aware that there is such a case. On the contrary, in the case of Robertson vs. Conn, decided spring term 1810, the court expressly recognize the application of the statute to a case of this sort, and take occasion, from the nature of the proof adduced in support of the agreement set up in that case, to declare their conviction of the utility of the law, and the soundness of its policy.
We are, therefore, of opinion that the court below erred in sustaining the agreement in this case.
The decree must be reversed with costs, and the cause remanded, that the bill may be dismissed with