Judge Marshall
delivered the Opinion of the Court.
Three questions are made in this case; each of which grows out of the form of the following note, on which an action by petition was brought by Dugan, against Joseph Harrow; and on a demurrer 'to the petition, judgment was rendered for the plaintiff.'
“$136. I have borrowed from Aaron Myers one “ hundred and thirty six dollars, which money was loan- « ed to me by said Myers, as agent for Hugh Dug' “ the benefit of my father, Joseph Harrow. or
Tv January 23, 1836. row.” First. Can a petition. I on this note? Or in other words, is v. . , - xor the direct payment of money? We P.iv . •.*, The word‘borrow’ imports in itself - , i to pay as strongly as the word ‘due;’ and . en ackowledgment that a pai’ty has‘bor-ioney, is as clearly a note for the direct payro ment of money, as is the written acknowledgment that money is due, upon which it has been decided that a petition may be maintained. Litt. Sel. Cas., 193, Kalfus vs. Watts.
Second. Was the petition pi’operly brought in the name of Hugh Dugan? — As the note shows on its face that the borrowed money was the property of Dugan, *342 and that Myers from whose hand it was received, made the loan as the agent of Dugan, we think that the clear legal import of the note is, that the money was borrowed from him, and therefore that the promise of re-payment is to him. It is a stronger case in favor of the right of Dugan to sue,, than if it had been an express promise to pay to Myers, as his agent; and even in that case, it would seem from the authorities, that thejprincipal might sue in his ownname. 1 Chit. PL, p. 7.
A note containing the recitals,‘I have borrowed’ &c — ‘for tliq ben efit of my father, J. H.’ is signed by T. S. II. and J.H. also: tho’ J. H. the father, and J. II. the signer may be the same person,still he is bound by the note. But it does not appear from the face of the note, that they are the same.
An omission to sue one of several joint obligors in an action on their joint obliga tion, is matter of abatement only —not reached by demurrer.
Third. Can the action be maintained against Joseph Harrow? — As the name of Joseph Harrow is signed^to the note, and as it has been repeatedly decided that notwithstanding the use of the singular pronoun ‘I,’ in the body of the note, more than one person may be and will be bound by the promise, if more than one execute the note, this question would probably not have been made? but for the recital that the money was borrowed for the ' benefit of Joseph Harrow, the father of the borrower. But there certainly is no inconsistency in the fact, that the person for whose benefit a loan is made, should become bound for its re-payment, either alone or together with the person who negotiates the loan; and besides, it does not appear that Joseph Harrow,, who is sued. as-an obligor e note, is the same person who is referred to in f the note.
,An to sue the other obligor, could not be mi demurrer. If the liability of the co-obligors ed to be joint only, still the non-joinder of one M only betaken advantage of by plea in abater. PL, 52.
Wherefore, the judgment is •