## Tharp *vs* Farquar.

COVENANT.

ERROR TO THE JEFFERSON CIRCUIT.

Case 2.

*Agent. Contracts, construction of.*

JUDGE BRECK delivered the opinion of the Court.

*Sept. 6.*

FARQUAR, the defendant in error, brought an action of covenant upon the following obligation: The case stated.

"We have this day leased of William Farquar, agent for William Sale, one brick house on Jefferson street, and lot between first and Brook streets, in the city of Louisville, for one year, for which we bind ourselves, our heirs, &c. to pay the sum of $275, in Kentucky Bank notes, payable quarterly, that is to say, sixty eight dollars and seventy five cents at the end of each of three months, during the continuance of this lease. We further bind ourselves to take good care of the premises during the term aforesaid, and at the end of the year deliver up to said Sale or his agent, quiet and peaceable possession of the same in like good repair as when received, the usual wear and decay excepted. Given under our hands and seals this 17th day of March, 1842.

Thomas J. Tharp,    [ Seal. ]
Sally R. Tharp,     [ Seal. ]"

The defendant demurred, and whether the Circuit Judge was right in overruling the demurrer, is the only question in the case.

The obligation is joint and the action is against only one of the obligors. But the omission to sue the other cannot be taken advantage of on demurrer. It could only be done by plea in abatement: (1 *Chit. Plead.* 52;) *Harrow* vs *Dugan*, (6 *Dana*, 342.) The main question, therefore is, whether Farquar could maintain the action. A plea in abatement is the only mode of taking advantage of a failure to sue both obligors where the obligation is joint.

The profession seem to have had considerable difficulty in regard to obligations taken by agents, whether the suit should be in the name of the agent or the principal. In some instances this Court has sustained the action in the name of the one, and sometimes of the other.

FITZHUGH
*vs*
FITZHUGH'S AD'R

In *Davis' executor* vs *Graham's trustees*, (2 *Marshall*, 541,) the action was sustained in the name of the prinpal. So also in *Harrow* vs *Dugan*, (6 *Dana*, 341,) a case very much like the one under consideration. The case of *Smith* vs *Lewis*, (3 *B. Monroe*, 229,) is also an authority in support of the rule that the party legally entitled to the interest involved in a contract, should sue for the breach. This rule was more particularly applicable to simple contracts, but has been held, and in the cases referred to, to apply to covenants or contracts under seal. In the case of *Neff* vs *Baden*, (3 *B. Monroe*, 468,) it was held that the action should, in that case, be in the name of the agent, but upon the ground that it was an express covenant to pay to him.

Though a contrect be made with an agent, the right of action is with the principal, unless the obligation is express or clearly implies that payment is to be made to the agent.

It is difficult to lay down any definite rule in regard to this class of obligations, but we are inclined to think that the rule may be settled to the extent, that unless the covenant or obligation is express to pay the agent, or a clear implication that it was the intention payment should be made to him, that the action should be brought in the name of the principal. Applying that rule to the covenant in this case, which we are disposed to do, the demurrer should have been sustained.

Wherefore, the judgment is reversed and the cause remanded, with directions to sustain the demurrer.

*Haggin* for plaintiff: *Pirtle* for defendant.