CHANCERY.        Commonwealth, for McCreery *vs* Davis,
                                   &c.

*Case 42.*                ERROR TO THE HOPKINS CIRCUIT.

*Parties.   Pleas in abatement.   Practice in suits at law.*

*January* 15.    CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Statement of the
case.

THIS was an action upon a Sheriff's bond, for a failure to take bail on a *capias* previously issued in favor of the relator, with an endorsement requiring bail. The declaration sets out the bond, and avers its execution by all of the obligors, among whom was the Sheriff, but omits to name the Sheriff, who was the principal obligor, as a defendant, and states no cause for the omission. It also omits to show expressly that the bond was executed in, or approved by the County Court. It sets forth, however, with sufficient precision, a breach, by stating that a *capias,* at the suit of the relator, for a debt actually due, came to the hands of the Sheriff's deputy, with an endorsement commanding him to require special bail "to be worth the sum of $123. The first count avers an arrest while the *capias* was in the hands of the officer, in full force, and that by negligence he permitted the defendant to escape without giving bail, and shows that thereby the relator's debt was lost. The second count varies only in charging a negligent failure to arrest the defendant in the writ.

After demurrers to the declaration had been overruled, and issues of fact taken on six pleas, denying separately various facts averred by the plaintiff, the defendants filed plea number eight, in which they aver that the Clerk of the proper Court did not endorse on said *capias* "the amount for which said bail bond was to be executed," as required to do by law before said bond could be executed, and that for want of such endorsement, the Sheriff was not bound to require special bail, &c. Upon a demurrer to this plea, the Court, without deciding upon its sufficiency, decided that the declaration

was insufficient, and the plaintiff having failed to amend, a judgment was rendered for the defendants, in bar of the action.

Two objections are taken to the declaration, and it is also contended that if the declaration is good, the 8th plea is also sufficient, and therefore that the judgment should be affirmed. We shall consider in order, the questions thus presented.

1. It is contended, that as the declaration shows that the bond was executed by all the persons named therein as obligors, the presumption is, that all are still alive, and therefore the nonjoinder of one of them as a defendant, is an available ground of demurrer. But however this presumption may, to a reasonable extent, prevail in other cases, it is not indulged to any extent on the face of the pleadings, either in support of a demurrer to the declaration, or in favor of a plea in abatement for nonjoinder of a co-obligor. The rule is expressly laid down by Chitty, (1 *Chitty's Pleadings*, 52–3, 6*th, Amer. edition*,) that in case of defendants, if a party be omitted, whether liable to be jointly sued on a personal contract, or as per nor of the profits, &c., the objection can only be taken by plea in abatement. The same author says, page 53 : "If, however, it expressly appear on the face of the declaration, or other pleading of the plaintiff, that the party omitted is still living, as well as that he jointly contracted, in that case the defendant may demur, move in arrest of judgment, or sustain a writ of error." Thus showing clearly that he cannot, on a demurrer, rely upon the presumption of life, and that unless the party omitted appear expressly to be still living, he must plead the nonjoinder in abatement. And it is well known that such a plea would be defective, if it merely alleged that a party omitted had jointly executed the contract, or was jointly bound without also averring that he was still living.

The general rule, as above stated, has been repeatedly recognized and enforced in this Court : (2 *Bibb*, 443; 5 *Monroe*, 384; 2 *J. J. Marshall*, 38; 3 *Ibid*, 166; 6 *Dana*, 342; 6 *B. Monroe*, 3.) In most of these cases,

*Commonwealth
vs
Davis, &c.*

The non-joinder of a joint obligor as a defendant, must be pleaded in abatement; it is not available on demurrer or in arrest of judgment, unless it clearly appear that the omitted person jointly contracted, and is still living.— (1 *Chitty*, 52–3; 6 *Amer. Ed.*)— See also *Ky. Decisions cited*.

the general rule is stated absolutely, without qualification or exception, which is attributable to the fact that must very rarely happen that the pleadings on the part of the plaintiff show expressly that a party jointly liable, but not joined in the suit, was alive at its commencement. But in *Allen* vs *Lucket*, (3 *J. J. Marshall*, 165–6,) it is laid down that the non-joinder must be pleaded in abatement, unless the record show that the omitted party is not only living, but was jointly bound in the contract. And the authorities there referred to, show that each of these facts must expressly appear, in order to authorize a demurrer on the ground of the non-joinder. The defendants who are sued being certainly bound by the contract, cannot discharge themselves from the action, upon the mere presumption that another party who was originally bound with them is still living. In order to defeat the action to which they are certainly liable upon a formal objection, they must show with certainty that the action was not properly framed with respect to parties defendant, and to do this they must show that the omitted party was still living.

If the non-joinder of a proper party, or the joinder of an improper party appear, it is good ground of demurrer.

The rule in case of the non-joinder of parties who should have been co-plaintiffs, or of the joinder of too many plaintiffs or defendants, in actions *ex contractu*, is different. With the grounds of this difference, which has been repeatedly recognized in this Court, we have nothing to do in the present case. And we should not have noticed at length the question as to the non-joinder of defendants, if the serious argument in favor of the availability of this objection on the demurrer had had not seemed to require a full statement of the doctrine on the subject. The objection is deemed wholly untenable on the demurrer.

It is not indispensably necessary in declaring a Sheriff bound to aver its execution and delivery in the county court, though it is most proper to do so.

2. It is further objected that the declaration is defective in not showing that the bond sued on was accepted by the County Court. We concede that without such acceptance it was not a good statutory bond. And that although if executed to the relator, it might have been good as a common law bond, it is of no avail as a bond to the Commonwealth, or as the basis of an action in her name for the benefit of an individual as relator, ex-

cept so far as the bond and the suit upon it are authorized by statute. But as the bond bears upon its face the characteristics of an official bond, and appears by its own terms, to have been executed by the Sheriff as his bond of office required by law, we think it is to be so taken upon the demurrer, and that if in fact it was not executed and received or approved in such manner as to give it effect, this should have been shown by plea. Although, therefore, the declaration is not as formal, or as full on this point as it should have been, we think it is substantially good.

3. With regard to the eighth plea, it is to be observed, that it does not directly traverse the endorsement on the *capias* as alleged in the declaration, but denies that an endorsement was made in a particular form in which it had not been alleged. It is not understood, therefore, as a simple denial or traverse of the endorsement alleged, but as implying the insufficiency of that endorsement, and the necessity of one such as is described in the plea, and without which, as it suggests the Sheriff was not bound to require bail on the *capias*. So far as the plea raises the question of the sufficiency or insufficiency of the endorsement alleged in the declaration, it is in effect nothing more than a demurrer. And if the endorsement alleged by the plaintiff be sufficient to make it the duty of the Sheriff to take bail, the denial that there was such endorsement as is described in the plea, is no answer to the declaration, and is in fact immaterial.

The statutes on the subject of bail in civil cases direct that on the performance of certain acts of the plaintiff, the Clerk shall endorse on the writ that bail is required, and in what sums: (1 *Stat. Law,* 195; 3 *Ibid,* 58.) But they do not prescribe the form of the endorsement to be made by the Clerk. And although the act of 1829, (1 *Stat. Law,* 196,) changes the effect of the recognizance, we have not found that any act since that of 1810, (1 *Stat. Law,* 193,) prescribes the form of the recognizance. That statute merely requires the written acknowledgment of the party on the writ, that he is special bail for the within named C. D., in the suit

COMMONWEALTH  
*vs*  
DAVIS, &c.

named in the within writ. And such a recognizance would now be good without naming the sum which should limit the resposibility of the bail. The sum in which bail is to be required, is therefore not to be endorsed upon the writ for the special purpose of being inserted in the recognizance. It would undoubtedly limit the responsibility of the bail without being so inserted. And it operates at once to effect that object, and to direct the judgment of the Sheriff as to the sufficiency of the bail offered by the defendant.

Whether if the plaintiff should make the proper affidavit, stating among other things, the amount of his claim, and should, in other respects, perform the conditions entitling him to bail, the endorsement of the Clerk that bail was required, omitting to state any sum, would be sufficient to authorize the Sheriff to take a recognizance in the form prescribed by the act of 1810, or to make it his duty to do so, we need not decide. We are satisfied that for all the purposes for which the sum is directed to be endorsed on the writ, the endorsement that the bail is to be worth a certain sum, must be deemed sufficient; and that the sum thus named for the apparent purpose of directing the Sheriff in determining the sufficiency of the bail, must be understood as also indicating the sum in which bail was required. It was, therefore, a substantial compliance with the statute and made it the duty of the Sheriff to take bail either in a recognizance in the general terms prescribed by the act of 1810, or in a recognizance naming the sum thus endorsed, which would, in either case, limit the responsibility of the bail.

It follows that the plea admitting, in effect, that the endorsement was made in the form alleged in the declaration, and denying only that it was made in another form as stated in the plea, is not good. And although if it had denied simply that the endorsement as alleged by the plaintiff, was made by the Clerk of the Court from which the writ issued, this being the traverse of a material fact necessarily implied in the plaintiff's averment, would have been a valid plea, yet as it does not deny that the proper Clerk made the endorsement al-

A plea in an action against a Sheriff for failing to take bail, (denying more than was averred in the declaration which was sufficient,) held to be ill on demurrer.

leged in the declaration, but only that the proper Clerk made the endorsement stated in the plea, one part of the denial cannot be separated from the rest and applied as a traverse to the plaintiff's allegation. But the whole must be taken together as denying that the Clerk had made the particular endorsement mentioned in the plea, which had not been alleged in the declaration, and was not necessary to the imposing of the duty for a breach of which the action was brought.

The plea is, therefore, insufficient in every aspect, because it does not traverse, and therefore, admits the allegation which upon the point involved, is sufficient to sustain the action, and it does not set up any sufficient matter in avoidance of that allegation. The judgment against the plaintiff is, consequently erroneous, and must be reversed; and such, as we suppose, should have been the result even if the plea were adjudged good by this Court, unless we had also considered the declaration to be substantially defective. If the plea were good, and if on that ground the demurrer to it ought to have been overruled, yet if the declaration were also good, the plaintiff would, if his demurrer had been overruled on the ground that the plea was good, have had a right to withdraw his demurrer and reply, or take issue on the plea. Of this right he would have been deprived by the error of the Court in adjudging the declaration bad, and he could only have prevented a judgment in bar, by amending his declaration, which was already sufficient. If the demurrer had been sustained on the ground that the plea was good, the plaintiff, by failing to withdraw his demurrer and reply, would have admitted conclusively, so far as this demand was concerned, that the plea was true, and its sufficiency in point of law, would have fully justified the judgment barring the demand. But the declaration being adjudged bad on the demurrer to the plea, he could only amend his declaration or maintain its sufficiency by resorting to this Court. And as the adoption of neither of these alternatives implies an admission that the plea is true, any more than its truth is implied by the demurrer to it in the first instance, and as in fact he could

not withdraw his demurrer and reply after his declaration was adjudged bad, there seems to be an obvious injustice in assuming conclusively, the truth of the plea because he did not reply, and on that ground affirming the judgment. If this Court had concurred in the opinion of the Circuit Court, that the declaration was insufficient, an affirmance of the judgment on that ground, would have left the plaintiff at liberty to sue for the same demand in a new action properly framed, and which would not have been affected by the plea and demurrer in this case. But the declaration being sufficient, an affirmance of the judgment against him on the ground that the plea to which he demurred is also good, would be a.perpetual bar to his demand. And thus his success in demonstrating the error of the Circuit Court, would place him in a much worse condition than if he had failed.

As by the common practice in this State, a demurrer admits the truth of the pleading demurred to, only for the purpose of testing its validity, and has no effect in precluding a subsequent denial of its truth if the plea be adjudged good. We are of opinion that the error of deciding a good declaration to be insufficient upon the plaintiff's demurrer to the defendant's plea, and of rendering judgment in bar of the action upon the plaintiff's refusal to amend, is a substantial error to his prejudice, whether the plea be good or not, because it deprives him of the right of replying to the plea, which a correct decision on the demurrer would not do. And, therefore, even if the plea be good, such an error is a sufficient ground for reversing the judgment, in order that the plaintiff may be restored to his right, and not be concluded by a demurrer, which, according to the erroneous decision of the Court, he could not have withdrawn.

*If the court decide a good declaration to be bad upon plaintiff's demurrer to a plea and render judgment in bar, it is available error in this court whether the plea be good or not.*

It was necessary to decide upon the validity of the plea in this case, not as being material to the question of affirmance or reversal, but because the proceedings to be directed in remanding the cause, would depend upon that decision. If the plea had been adjudged good, the cause would have been remanded with direction to over-

rule the demurrer and for further proceedings. As the plea is adjudged bad, the judgment is reversed and the cause remanded, with directions to sustain the demurrer to the eighth plea of the defendant, and for further proceedings consistent with this opinion.

*J. & W. L. Harlan* for plaintiff; *B. & A. Monroe* for defendants.