4 KENTUCKY REPORTS. [Vol. 100

McCarty, &c. v. Louisville Banking Company. Owsley, &c v. Same.

CASE 2—PETITIONS ORDINARY—OCTOBER 7.

# McCarty, &c. v. Louisville Banking Company.
# Owsley, &c. v. Same.

APPEALS FROM DAVIESS CIRCUIT COURT.

1. NEGOTIABLE NOTES—BONA FIDE PURCHASER—PRESUMPTION—BURDEN OF PROOF.—The presumption attaching to the possession by an incorporated bank in this State of a promissory note made negotiable and payable at such a bank, that it was the bona fide holder thereof for value before maturity, can not be overcome by alleging anything in defense of an action by the bank on such a note short of facts, which would render the note void from the beginning, so as to shift the burden of proof upon the plaintiff.

2. NOTICE—EFFECT OF RECITAL IN A NEGOTIABLE NOTE.—The statement in a negotiable note that it was executed for purchase money on land, on which a lien was retained to secure its payment, is not sufficient to put an incorporated bank on inquiry as to any facts which it might have learned by investigation.

C. S. WALKER FOR APPELLANTS.

1. In an action on a note by the endorsee against the maker an answer alleging fraud in the inception of the note places the burden of proving good faith on plaintiff. (Thamling v. Duffy, 37 Pac. Rep., 363.)

2. When the maker of a negotiable paper shows that it has been obtained from him by fraud, a subsequent transferee must, before he can recover, show that he was a bona fide purchaser; and, also, that he had no notice or knowledge of the fraud. (Bank v. Green, 43 N. Y., 298; Bank v. Noxon, 45 N. Y., 762; Bank v. Carroll, 55 N. Y., 440; Wilson v. Rocke, 58 N. Y., 643; Bank v. Penfield, 69 N. Y., 502; Nickerson v. Ruger, 76 N. Y., 279; Seymour v. McKinistry, 106 N. Y., 640; 12 N. E. Rep., 348; 14 N. E. Rep., 94; Stewart v. Lansing, 104 U. S., 505; Smith v. Livingston, 111 Mass., 342; Sullivan v. Langley, 120 Mass., 437.)

3. The payment of value for negotiable paper, tainted with fraud, is not conclusive of good faith. The holder in order to succeed must show the circumstances under which it came into his possession and that he acted in good faith. (Bank v. Dufendorf, 25 N. E. Rep., 402.)

McCarty, &c. v. Louisville Banking Company.   Owsley, &c. v. Same.

4. A person fraudulently placing the negotiable instrument of another in circulation, and thereby renders him liable to a bona fide purchaser, is guilty of a tort and liable for the value of the note. (Nashville Lumber Co. v. Fourth Nat. Bank, 29 S. W. Rep., 368.)

5. Right of action accrues as soon as the fraudulent transfer is made and before payment is enforced. (Decker v. Matthews, 12 N. Y., 313; Betz v. Daily, 3 N. Y. St. Rep., 309.)

J. D. ATCHISON FOR LOUISVILLE BANKING CO.

1. A promissory note, in form negotiable, is not rendered non-negotiable by being made payable in one or two years after date, nor by the statement on its face that it was given for and secured by a lien on real estate. (Duncan v. Louisville, &c., 13 Bush, 378, and authorities there cited.)

2. The assignee or endorsee of a negotiable note before its maturity, takes the note, and as incident thereto any lien or mortgage securing its payment, free from the equities between the original parties. (Duncan v. Louisville, &c., 13 Bush, 378.)

3. A full statement of the consideration of a note or bill will not destroy its negotiability if the consideration is executed. (Amer. & Eng. Enc. of Law, vol. 2, p. 341; Wells v. Brigham, 6 Cush. (Mass.), 6; Wright v. Irwin, 33 Mich., 32.)

LITTLE & LITTLE OF COUNSEL FOR APPELLEES.

JUDGE LANDES DELIVERED THE OPINION OF THE COURT:

These two cases involve the same questions, both of fact and of law, and by agreement were heard together in the court below and also in this court.

The trial below was by the court, without the intervention of a jury, and, by request of the defendants, the court stated in writing the conclusions of fact found separately from the conclusions of law.

The action in each case was upon a promissory note executed to one R. M. Conway—in one case by the appellants, W. M. McCarty and S. S. McCarty, and in the other by the appellants, E. E. Owsley, W. L. Sloan and Geo. E. Bridges—each note bearing date the 17th day

6       KENTUCKY REPORTS.     [Vol. 100

McCarty, &c. v. Louisville Banking Company. Owsley, &c. v. Same.

of August, 1892, due one year after date, for the sum of $100, made negotiable at the Citizens' Savings Bank of Owensboro, Kentucky, and being for the second deferred installment of the purchase money for a lot, situated in what was designated as the "Mechanicsville Addition to the city of Owensboro," and which was sold and conveyed by the said R. M. Conway and his wife to the appellants. Each of the notes was endorsed by the payee to Edwards & Cruse, a business firm, consisting of Elza Edwards and James Cruse, and the latter, upon their firm indorsement, negotiated and sold both of the notes before they became due, with others, to the appellee, the Louisville Banking Co., which company discounted them and paid to the firm of Edwards & Cruse the proceeds thereof in money. The notes were afterwards sent by the Louisville Banking Co. to the Bank of Commerce, one of its correspondent banks in the city of Owensboro, for collection for its account, and not being paid when due and payable upon proper demand they were each duly protested for non-payment. The appellee, the Louisville Banking Co., the indorsee of the notes, and the Citizens' Savings Bank of Owensboro, Kentucky, at which they were made negotiable and payable, were banks incorporated by special acts of the General Assembly of Kentucky, the former located and doing business in the city of Louisville and the latter in the city of Owensboro.

The appellees, W. M. and S. S. McCarty and Owsley, Sloan and Bridges, denied in their answers that the notes were indorsed by Edwards & Cruse to or that

they were discounted by the Louisville Banking Co. before the maturity thereof for a valuable consideration or for any consideration, and they also denied that the company was the owner or holder of the notes; they alleged that the notes, with other notes, were executed by them to Conway for the purchase money they had each promised to pay him for the separate lots of ground sold and conveyed to them by Conway, situated in the Mechanicsville Addition to the city of Owensboro, which were parts of a parcel of ground that was purchased by Conway from J. Z. Moore and others, trustees; that the purchase money therefor had never been fully paid by Conway, and that there was a lien on the ground for the balance thereof, "which the entire property was not sufficient to pay."

They alleged that it was expressly understood and agreed between them and Conway, and so expressed in the separate deeds by which he conveyed the lots to them, that Conway, "was to erect, equip and operate a cotton mill on the said Mechanicsville Addition to Owensboro, and, if said factory was not built, the said notes executed by defendants were to be returned to them."

The deed referred to is exhibited in each case, and contains the following clause, viz.: "It is expressly understood and agreed, by and between the parties hereto, that said R. M. Conway, party of the first part, binds himself to erect, equip and operate a cotton mill, with $50,000 capital. If said factory is not built the notes hereby executed and money hereby paid are to be returned to the party of the second part."

8        KENTUCKY REPORTS.    · [Vol. 100

McCarty, &c. v. Louisville Banking Company.   Owsley, &c. v. Same.

They stated that the consideration of the notes was this agreement on the part of Conway, and, alleging that the cotton mill had not been erected, equipped or operated on the said premises by Conway, or by anyone else, they charged that the notes were "without any consideration, which was known to plaintiffs at the time it pretends to have purchased them."

They further allege that the Louisville Banking Co. was either not the holder or the owner of the notes sued on, or that it discounted the notes with notice that they were "without consideration," and that the alleged lien existed on the land of which their lots were parts, and that one of said facts, but they did not know which of them, was true.   They charged that the said Edwards & Cruse knew of the existence of the facts pleaded   as substantially detailed above, and   that, "knowing the infirmity in said note and other defects * * *   mentioned," he made an arrangement with the Louisville Banking Co. whereby the company was to hold the notes as its own, when, in fact, it had not discounted them, in order to deprive them of the benefit of their defenses thereto, and that said arrangement was made "with the plaintiff bank with the fraudulent purpose   and intent to cheat these defendants,"   and that "the said plaintiff bank * * *   had notice of said fraudulent intent and purpose on the part of Edwards & Cruse at the time it made the arrangement whereby it got possession of this and other notes of the same nature."    Each of these answers was made a cross petition against Edwards & Cruse, against whom judgment was prayed for any sum that   might be   ad-

judged against them in favor of the Louisville Banking Co. But the defendants to the cross petition filed a demurrer thereto, which was sustained by the court. To each answer the Louisville Banking Co. replied, specifically denying every allegation, charging it with knowledge or notice of any fact stated as a defense against the notes at the time the notes were discounted by it, and also the allegations of notice or knowledge of the alleged fraudulent intent or purpose of Edwards & Cruse in disposing of the notes to it, and stated that "it purchased the notes sued on in good faith, for a valuable consideration, before their maturity, and having no notice or knowledge of any defense thereto."

The court, after hearing the evidence, rendered judgment in favor of the Louisville Banking Co., the plaintiff in each action, against the appellants, and having overruled their motion for a new trial in each case the judgments are before us by appeal.

The finding of the court on the facts was, in substance, that the notes sued on were negotiated and indorsed to the plaintiff, the Louisville Banking Co., before they matured for a valuable consideration in each case, and that they were discounted by the company in good faith, without notice or knowledge of any infirmity in the notes, or of any matters set up by the makers of the notes as a defense against the notes, and upon the facts found the court found the law to be that by reason of the negotiation of the notes to the company they were placed upon the footing of foreign bills of exchange,

10                KENTUCKY REPORTS.        [Vol. 100

McCarty, &c. v. Louisville Banking Company.   Owsley, &c. v. Same.

and that they were not subject to any of the defenses sought to be made in the actions.

Many errors are specified in the grounds for new trial, but most of them, if they were committed, were trivial, and did not affect the substantial merits of the cases.

The specifications that are chiefly relied on by counsel for the appellants relate, first, to the action of the court in determining that the burden of proof rested upon the defendants; and, second, to the finding of the court on the evidence that the plaintiff, the Louisville Banking Co., "discounted the notes in good faith, having no knowledge or notice of any infirmity therein or of the matters set up as a defense to the notes;" and, third, to the order sustaining the demurrer of Edwards & Cruse to the cross petition against them.

Upon the question of the burden of proof it is the opinion of the court that the court below ruled correctly. Under the statute a promissory note, which is made negotiable and payable at a bank incorporated under any law of this State, or organized in this State under any law of the United States, and which has been endorsed to and discounted by the bank at which it is made payable or by any other bank in the Commonwealth, is placed on the same footing as a foreign bill of exchange. (Kentucky Statutes, section 483.)

In Hargis v. Louisville Trust Co., 17 Ky. Law Rep., 219, it was held by this court that, even before the adoption of this statute, neither a partial nor a total failure of consideration, nor fraud between antecedent parties to a negotiable note put upon the footing of a

bill of exchange, was a defense to the title of a *bona fide*, holder thereof, who had acquired it before ma-turity for a valuable consideration and without notice of any previous infirmity; and it was held in the same case that the possession of such a  note by a bank  imports that it was acquired by the bank in good faith be-fore its maturity and in the regular course of business, and, therefore, that it was  endorsed to and discounted by the bank.

The rule is stated in a valuable note to the case of Beddell v. Herring (Cal.), 11 Am. St.  Rep.,  323,  with many authorities there referred to, to be that "the mere possession of a negotiable instrument by the endorsee *   *   *   imports *prima facie* that he is the lawful owner, and that he acquired it before maturity, *bona fide*, in the usual course of business, and without notice of any circumstance impeaching its validity."

This presumption that attaches to the mere posses-sion by an incorporated bank in Kentucky of a promis-sory note that is made negotiable and payable at such a bank we apprehend can not be overcome by mere al-legation in defense of an action on the note by the bank of anything short of facts, which, if true, would render the note absolutely void from the beginning, so as to shift the burden of proof upon the plaintiff.   And in all cases, except where the allegations in defense are of facts which would render the instrument sued on void from the beginning, allegation and proof must be made by the defendant, who is bound on the negotiable instrument, of facts that would remove the presump-tion, such as of fraud in its inception or circumstances

raising a strong suspicion of fraud, before the plaintiff can be required to show by testimony when, by what means, and the circumstances under which he acquired the right to and possession of the note, in order to show his right to recover thereon.   (Bedell v. Herring, and note, supra; Shenadoah National  Bank v. Marsh (Ia.), 48 Am. St. Rep., 381.)

And where the instrument has been acquired and is held in good faith, the right to it is not affected by bad faith on the part of the endorser, or even by the gross negligence of the holder, unless it amounted to bad faith on his part.   (Am. & Eng. Enc. of Law (first edition), volume 2, pages 390-393; Comstock v. Hanna, 76 Ill., 550.)

In these cases the facts alleged in the answers, while they may have constituted a good defense against the notes in the hands of the payee, or of Edwards & Cruse, his assignee, were wholly insufficient to  place the burden of proof on the plaintiff; and  upon the  merits  of the cases, conceding that the facts relating to the transactions between Conway and the makers of the notes were as alleged, and that Conway deceived and overreached them and by false promises induced them to purchase the lots, the proof wholly failed to show that the Louisville Banking Co. had any notice or knowledge of these things, either actual or constructive.

The statement in the notes that they were executed for purchase money of the lots, on which  a  lien  was retained to secure them, was not sufficient, as contended by counsel for the appellants, to put the company on inquiry as to any fact the existence of which could

have been ascertained by investigation, and that might have been favorable to the defense. Besides, the testimony in behalf of plaintiff company established beyond question the title of the company to the notes, and that they were acquired by discounting them in good faith for a valuable consideration before maturity, and in the regular course of business, and all confirmed the presumption raised by the possession of the notes by the company; so that upon the whole cases the finding of the court below of the facts was fully sustained by the evidence, which being true, the law was for the plaintiff company as found by the court.

It would seem to follow, from what has been said, that the court below properly sustained the demurrer to the cross petition, and we so hold.

The defense attempted here, as we understand it, is not based upon the absolute invalidity of the notes, and there is no statement in the answers to show that Edwards & Cruse were connected in any way with the transactions between Conway and the appellants which resulted in the execution of the notes. The notes not being void, if Edwards & Cruse acquired them from the payee for a valuable consideration, and if they were the bona fide owners of them when they negotiated and endorsed them to the Louisville Banking Co., they were under no obligation to hold them for the benefit of the appellants, and in order that their right of defense might be preserved; but whatever may be the rights of the appellants in the premises, it is the opinion of the court that the cross petition failed to al-

lege such a state of facts as constituted a cause of action against Edwards & Cruse.

Finding no substantial error each judgment is affirmed.