## Gibbs v. Metcalf, et al.

(Decided November 20, 1923.)

### Appeal from Madison Circuit Court.

1. Pleading—Truth of Answer Admitted by Demurrer.—In action on note, allegation in answer that plaintiff transferee had actual knowledge of defect in note was admitted by demurrer.

2. Bills and Notes—Burden on Holder to Prove Title Acquired in Due Course Where Defect Shown—"Holder in Due Course."—One is deemed a holder of a note in due course under negotiable instruments law, section 56, when the instrument is found in his possession regular upon its face, but, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims has acquired title in due course.

3. Bills and Notes—Rule as to Burden of Proof not Applicable in Favor of Party Bound Prior to Acquisition.—The rule that, when it is shown that the title of any person who has negotiated an instrument is defective, the burden is on the holder to prove that he or some person under whom he claims has acquired the title in due course, does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.

4. Bills and Notes—One with Knowledge of Contract Not Holder in Due Course.—One who had actual knowledge of the contract between the original parties to a note was not an innocent purchaser of the note and was not a holder in due course.

5. Bills and Notes—Defenses Between Parties May be Pleaded Against One not Holder in Due Course.—In an action on a note by one who is not a holder in due course, every defense available between the original parties may be successfully pleaded.

6. Animals—Amount Recoverable Under Pasturage Contract.—Where cattle were transferred for pasturage purposes at 10 cents a pound, to be retransferred at the same rate per pound, and the owner refused to receive the cattle when tendered, those pasturing them were entitled to sell the cattle at the best price obtainable, and to require the owner to account for the difference between the amount received and 10 cents per pound.

BURNHAM & GREENLEAF for appellant.

G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

On August 30th, 1920, appellees Metcalf and Bowling entered into an arrangement with one J. S. Collins, whereby they were to take 25 head of cattle belonging to Collins and pasture and care for them until the 10th of October, 1921, at which time Collins was to take the cattle back and pay Metcalf and Bowling ten cents per pound for all added flesh. In carrying out that arrangement the parties obtained an ordinary blank bank note and filled it in, making a notation on the left hand corner. The whole note as prepared, reads:

"Richmond, Kentucky, Aug. 30, 1920.
"$1,022.50.

"October 10, 1921, after date, for value received, we or either of us, promise to pay to the order of J. S. Collins one thousand and twenty-two & 50/100 dollars, at the Southern National Bank, Richmond, Kentucky, with interest from date, at the rate of six per cent per annum until paid. Interest payable semi-annually.

"We also agree that an attorney's fee of ten per cent of the principal and interest due hereon shall also become due and payable upon default in the payment of this note at maturity and the same may be included in any judgment rendered hereon, or recovered in a separate action.

"The maker, sureties, endorsers and guarantors hereof do each hereby waive demand, presentment, notice of

nonpayment and protest and do each hereby waive notice of and consent to any and all extensions of this note or and part thereof.

"This note is given for 25 cattle, 10,225 lb. Collins takes cattle Oct. 10th, 1921, at 10c a pound.

"METCALF & BOWLING,
"W. H. BOWLING,
"JAMES BOWLING.

(Endorsements on back):
"(Signed) J. S. COLLINS, 1922, Jan. 18, filed.
"ATTEST: LUTHER TODD, C. M. C. C."

Soon after the execution of the writing and before it became due Collins assigned it to the appellant Gibbs, who was plaintiff below, and Gibbs commenced this action to recover $1,022.50 on the writing, alleging it past due and unpaid; that he was a holder in due course for value. The answer admitted the making of the note and its transfer and assignment to the plaintiff and denied that he was a holder in due course for the following reasons:

"That said note was executed to J. S. Collins, under the following terms and contract, a memorandum of which appears on the face of the note. That they purchased from J. S. Collins, the payee in said note, 10,225 pounds of cattle at the price of 10 cents per pound; that according to the terms of said contract it was agreed that Collins was to take said cattle back from these defendants on the 10th day of October, 1921, at the price of 10 cents per pound. That according to the terms of said contract the maturity date of said note was made Oct. 10, 1921, the day said cattle were to be returned to J. S. Collins under said contract. That on the 10th day of October, 1921, the defendant and payee in said note, J. S. Collins, failed and refused to take said cattle according to said contract, and the plaintiff claiming to be the owner of said note, they offered to allow the plaintiff to take said cattle according to the terms of said contract, and that he declined to do so. That the plaintiff had actual knowledge of the terms of the contract between the defendant and J. S. Collins, or knowledge of such facts relative to said contract as rendered him not a holder in due course, a memorandum of the contract between the defendant and J. S. Collins appearing on the face of the note; that after the defendant, J. S. Collins, and the plaintiff declined to take

said cattle according to said contract, the defendants sold said cattle for the best price obtainable by them, to-wit, $5.30 per hundred; that said cattle brought $834.72 less than the defendant, J. S. Collins, had agreed to take said cattle for; that thereupon the defendants tendered to the plaintiff on November 9th, 1921, the sum of $260.88, that sum being the difference due by them under said contract, and what was due to them under said contract. Said tender was made before the institution of this action in lawful money currency of the realm, and that they are still ready, willing and able to make the same good.''

A general demurrer was filed by the defendant to the petition. This the court overruled. The plaintiff then filed a general demurrer to the answer copied above, which demurrer was overruled by the court. The plaintiff declining further to plead his petition was dismissed, it being adjudged that appellees pay to the appellant $260.88, the sum admitted by the answer to be due plaintiff and that the note be cancelled and held for naught. To this judgment Gibbs objected and excepted and prayed an appeal to this court.

It is the contention of appellant that the writing sued on is a negotiable promissory note on the footing of a bill of exchange and that he as assignee is a holder in due course for value; that the notation on the left-hand bottom corner of the writing does not take it out of the category of negotiable promissory notes, that notation being only that the note was given for 25 cattle weighing 10,225 pounds, and did not indicate a second independent contract by which Collins was to take back the cattle at ten (10) cents per pound at a given date; that said notation was not sufficient to bring knowledge to appellant or to place him upon inquiry concerning the facts.

On the other hand, appellees insist that the notation was sufficient to bring to the knowledge of appellant the entire contract between Collins and the firm of Metcalf and Bowling, and that the note being limited by and subject to the notation was not upon the footing of a bill of exchange and the taker, appellant Gibbs, was not a holder in due course. In support of this contention many authorities are cited, but we think that they are distinguishable from the case at bar. It will be observed that the answer contains the averment that the plaintiff (Gibbs) had actual knowledge of the terms of the contract be-

tween the defendant and J. S. Collins, or knowledge of such facts relating to said contract as rendered him not a holder in due course, a memorandum of the contract between the defendants and Collins appearing on the face of the note. The truth of this averment was admitted by the demurrer and it has not been denied by pleading. If in truth and fact appellant knew the terms and conditions of the contract between Collins and the firm of Metcalf and Bowling, he was not an innocent purchaser of the note, and if he was not such he was not a holder in due course. Our negotiable instruments law provides by section 56 what constitutes notice of defect in an instrument: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." This section we have held is but a statement of the common law rule. Greenwell v. Hayden, 78 Ky. 332. We have also held in the case of McCarty v. Louisville Banking Co., 100 Ky. 4, the fact that the agreement contained a covenant that, if certain things were not done, the notes were to be returned, affect a purchaser for value and with actual knowledge of the covenant.

One is deemed a holder in due course, according to our act, when the instrument is found in his possession regular upon its face, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims has acquired the title in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title. Supporting the rule that every holder is deemed a holder in due course may be cited the following cases: Rice v. Hogan, 8 Dana 134; Hargis v. Louisville Trust Co., 17 Ky. L. R. 218; McCarty v. Banking Company, *supra;* Wilkins v. Usher, 123 Ky. 696.

If it be conceded, as it seems it must in this case, that appellant Gibbs had actual knowledge of the contract between Collins and the firm of Metcalf & Bowling, then he was not an innocent purchaser of the obligation in question and was not a holder in due course. To an action by one who is not a holder in due course every defense avail-

able between the original parties may be successfully pleaded.

It is shown in the answer that the cattle were sold on the open market at the best price obtainable when appellant Gibbs and Collins refused to receive them pursuant to the contract; that the best price obtainable was $5.30 per 100, the whole sum realized being $941.28. If Collins or appellant Gibbs had received the cattle under the terms of the contract at ten (10c) per pound, the sum realized by appellees would have been $1,775.00. As they had paid $1,022.50, their actual gain was the difference between that sum and $1,776.00, or $755.50. This amount they were entitled to receive under the contract, and this being so the court subtracted it from the amount received from a sale of the cattle on the open market from the sum of $921.78, leaving a balance of $260.88 due appellant Gibbs, which sum was tendered to him and rejected. We believe the court correctly adjudged the law of the case and the judgment is affirmed.

Judgment affirmed.