## Taylor's Administrator v. Scott.

(Decided February 15, 1927.)

### Appeal from Pike Circuit Court.

1. Contracts—Pleading—Plea of Non Est Factum Should be Made Affirmatively and Unambiguously and Verified.—If party to action desires to avail himself of plea of non est factum, he should plead affirmatively and unambiguously that he did not sign paper and that he authorized no one else to sign it for him, which plea should always be verified.

2. Evidence—Plea of Non Est Factum Places Burden on Other Party to Prove Signing of Paper.—Where plea of non est factum is made, burden is on other party to prove signing of paper in some manner recognized as legal.

3. Bills and Notes—Reply of Plaintiff in Suit on Note Held Insufficient as Plea of Non Est Factum, and Insufficient to Place Burden of Proving Assignment on Maker Paying Note to Assignee.—In suit on note with plea of payment to one to whom payee had assigned, reply denying that payee had assigned, delivered, or indorsed note to such party held insufficient as plea of non est factum, and hence insufficient to place burden on maker to prove that payee had assigned the note.

4. Bills and Notes—Debt Evidenced by Note Held Extinguished by Maker's Payment to Holder Under Assignment from Payee.—Debt evidenced by note held extinguished, where maker showed that he had paid note to one who had note in his possession with assignment of payee appearing thereon.

ROSCOE VANOVER for appellant.

F. W. STOWERS and MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant filed his petition in the Pike circuit court in which he alleged that appellee, Scott, executed his note to Henry Taylor prior to the death of said Taylor for $200.00, and at the same time executed a mortgage on a

tract of land to secure the payment of the note. He alleges that appellee unlawfully and wrongfully had possession of the note and mortgage and for that reason he could not describe the property covered by the mortgage. His petition may be treated as a suit against Scott on the $200.00 note. Serious objection is made to the petition but it appears to us sufficient.

Scott filed his answer in which he denied that he was wrongfully or unlawfully in the possession of the note, and alleged that he had paid the note in full and thereby came into the legal possession of it. He says in his answer that the note was assigned by Henry Taylor to his codefendant in the suit, Bailey Fraley, by the written endorsement of said Taylor. The endorsement of Taylor appears on the back of the note. Taylor signed his name to the endorsement by his mark, which was witnessed by one Lacy Cassidy. Fraley also filed an answer in which he alleged that the note was assigned to him for a valuable consideration by Henry Taylor, and that he thereafter presented the note to Scott, who paid the note in full. Appellant in his reply to the answer of Scott denies "that the decedent, Henry Taylor, assigned or delivered the note sued on to the defendant, Bailey Fraley, for a valuable consideration, or assigned same to him at all." And he further denies "that said note sued on was ever at any time, or for any purpose whatever, delivered over to the defendant, Bailey Fraley;" he further denies "that the defendant, Bailey Fraley, was ever at any time the owner of said note, or the owner of any interest on said note, or that he ever owned any part or parcel of said note; denies that the written assignment of the said Henry Taylor was ever at any time on said note." In his reply to the answer of Fraley appellant "denies and says it is false and untrue that for a valuable consideration or at all that the said Henry Taylor signed the note sued on over to the defendant, Bailey Fraley." He further denies "that the defendant, Bailey Fraley, is, or ever was, the owner of said note, or that the said Bailey Fraley ever paid one cent or other amount to the said Henry Taylor for the said note, and again denies that the said Henry Taylor ever assigned said note, or any part of same to the defendant, Bailey Fraley."

On the trial Scott was introduced as a witness and testified that the note was presented to him by Fraley for payment with the endorsement of Taylor on it and he

paid it without any knowledge as to how Fraley obtained the note. He relied upon the endorsement on the note.

It is insisted with much vigor that the plea of *non est factum* placed the burden on the appellee to show that the name of Henry Taylor was legally signed to the endorsement on the note. Such is the effect of a plea of *non est factum*. But it is insisted that the plea of *non est factum* was not sufficient and for that reason did not place the burden of proving the assignment of the note by Taylor to Fraley. The question before us is whether the replies of appellant contain a plea of *non est factum*.

An examination of the authorities becomes necessary. In the case of Trustees Kentucky Female Orphan School v. Fleming, etc., 73 Ky. 234, the court said:

"The plea of *non est factum* is an affirmative plea, and can not be made in merely negative language."

The court in the same case further said:

"The plea of *non est factum* was always required to be sworn to, because the court would, in favor of innocence, presume a paper purporting to be signed by a party to be charged on it was genuine until it was attackked by plea under oath."

Again in the case of Dugan's Admr. v. Harris' Admr., 6 Ky. Law Reporter 596, the court in an abstract opinion said:

"A plea of *non est factum* must be an affirmative one."

In the case of Oldham v. Mt. Sterling Improvement Co., 103 Ky. 530, the court said:

"If it is the intention of the pleader to rely upon the plea of *non est factum* by the first paragraph, he has failed to properly set it out, as there can be no such thing as a conditional plea of *non est factum*. He either signed or authorized the signing of the paper or he did not."

In the case of Garrett's Admr. v. Ashcraft, 19 Ky. Law Reporter 38, the court considered this allegation in a pleading:

"The plaintiff states that although said note purported to be signed by R. H. Garrett, that same

was not in fact true; that said Garrett did not sign the said note, nor authorize any one in writing to do so for him, and the same is not his act and deed."

This allegation is stronger than the allegation in the replies filed by the appellant in this case. The court in passing upon this pleading said:

"To this petition a demurrer was sustained—and properly so—as the denial of the signature of the note by Garrett did not negative the fact of authority by parol being given him to sign same, and it nowhere appears that the alleged signature was as surety. The denial is only that Garrett signed the note or authorized anyone in writing to do so for him. It should have denied any authority in writing or at all, or it should have alleged the fact that the signature purported to be as surety."

An amendment was filed in that case to the original pleading in these words:

"The further state that the plaintiff well knew that the note sued on was a forgery, and was not the act and deed of R. H. Garrett."

The court held that the amendment did not cure the defect in the original petition.

We gather from the decision of this court that a plea of *non est factum* must be affirmatively made, and if this is true the mere denial of the execution of a paper or the denial of the signing of the paper in response to a plea of execution or a signing is not a plea of *non est factum*. If a party to an action desires to avail himself of the plea of *non est factum* he should plead affirmatively that he did not sign the paper and that he authorized no one else to sign it for him, and this plea should always be verified. This is a reasonable rule, and while it may have been the practice to treat a denial or negative plea as sufficient we do not find where this court has ever upheld the sufficiency of such a plea. When a plea of *non est factum* is made the burden is on the other party to prove the signing of the paper in some manner recognized as legal, and there should be no uncertainty in the plea when it is made.

As the plea of *non est factum* was not made by appellant the burden was not on Scott to prove that Taylor

assigned the note to Fraley. Scott having shown that he paid the note to Fraley, who had the note in his possession with the assignment of Taylor appearing thereon, the lower court properly adjudged that the debt was extinguished and that Scott could not be required to again pay the note. The motion for an appeal is therefore denied.

Judgment affirmed.