## Traders' Securities Company v. J. E. Oslin & Son.

(Decided February 12, 1929.)

E. C. O'REAR, I. G. MASON and ALLEN PREWITT for appellant.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On November 29, 1926, the Arch Manufacturing Company drew five bills of exchange on J. E. Oslin & Son, a partnership composed of J. E. Oslin and T. E. Oslin, and doing business in Logan county. The bills, which were duly accepted by the firm, were for $59.60 each, and were payable respectively in three, five, seven, nine, and twelve months from date. On January 24, 1927, and before their maturity, the acceptances were sold and transferred by the Arch Manufacturing Company to the Traders' Securities Company. In this action by the Traders' Securities Company to recover on the acceptances the jury found for the defendants. Plaintiff prays for an appeal.

At the time of their acceptances, the bills were attached to an order or contract which was signed by J. E. Oslin & Son, and which, omitting the itemized list and prices of the articles, is as follows:

"Arch Manufacturing Co., 611 Olive Street, St. Louis, Mo.

"Exchange Privilege. Any jewelry contained in this order may be exchanged for other jewelry in our stock, of equal value at any time within one year.

"Warranty. Any article of jewelry proving unsatisfactory must be returned to us and will be replaced without charge.

Our Guarantee—Goods Not Disposed of Repurchased by Us. We agree to buy back for cash at invoice price, all goods in this order remaining on hand, if purchaser desires to discontinue this advertising plan one year from date of first payment, and has kept the goods well displayed, given dividend checks of the face value of one-fifth of all purchases to every customer, makes payments when due, and has furnished us, for the purpose of enabling us to properly carry out our part of this advertising plan, a list of twenty-four different names the first of every month for one year. We furnish dividend checks with order and replenish supply free upon request. Purchaser desiring to discontinue, as above provided, will verify and furnish us an itemized list of goods and supplies on hand and the amount of his gross sales during the period goods sold him by us were on display.

"Terms: This order may be settled for in five equal installments. due in three, five, seven, nine and twelve months from date of invoice, provided the customer promptly executes five trade acceptances, payable to our order at St. Louis, Mo., each for one-fifth of amount of the bill. If acceptances are not given us as above. terms are cash, less 6 per cent. in ten days, net 30 days. Time is the essence of this contract.

"Arch Manufacturing Co., St. Louis, Mo.—Gentlemen: Please ship to us at your earliest convenience, F. O. B. St. Louis, the goods above listed, on above terms, which we have read carefully and found satisfactory. We agree that no statement made by ourselves or the salesman will be a part of this agree-

ment unless indorsed in writing on the original order. *No goods on commission or consignment."*

Besides other facts, the petition pleaded facts showing that appellant was a holder in due course. In addition to a general denial, appellees pleaded by way of set-off and counterclaim that their signature was procured by fraud, covin, and fraudulent representations.

We deem it unnecessary to set out the pleadings or evidence. It is extremely doubtful whether the facts pleaded or proved were sufficient to show that the signature of appellees was obtained by fraud. But, conceding, without deciding, that they were, it is clear that appellant met the burden of showing that it was a holder in due course. Appellant's secretary testified that appellant was engaged in the business of buying and selling commercial securities of various kinds, that the acceptances in question were purchased as a matter of investment and in the usual course of business on January 24, 1927, at a discount of 10 per cent. and were paid for by check for the sum of $268.20. At the time of the purchase, the company had no notice of any defect in, or any defense to, the trade acceptances, and knew of none until this suit was filed. He further testified that the Arch Manufacturing Company and appellant were separate and distinct companies, and that none of the officers, directors, or stockholders of the one had any interest in the other. He and appellant's other witnesses stand unimpeached, and are not contradicted by any witnesses or any circumstances in the case. In view of this situation, there is nothing to justify the inference that appellant or its officers, who lived in St. Louis, had knowledge of any misrepresentations made by the Arch Manufacturing Company's agent while in the state of Kentucky, or any other infirmity in the acceptances, or knowledge of such facts that its action in taking the instrument amounted to bad faith. In such cases we have uniformly held the purchaser to be a holder in due course, and therefore entitled to a peremptory instruction. Security Finance Co. v. Thompson, 216 Ky. 364, 287 S. W. 938; Barnard v. Napier, 167 Ky. 824, 181 S. W. 624; Asbury v. Taube, 151 Ky. 142, 151 S. W. 372. This conclusion makes it unnecessary to consider the instructions, or to pass on other questions involved.

Wherefore the appeal is granted, the judgment reversed, and cause remanded for a new trial consistent with this opinion.