## Traders' Securities Company v. Oney.

(Decided February 26, 1929.)

WILLIS W. REEVES for appellant.

I. A. BOWLES for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

On January 24, 1925, the appellee, Creed Oney, Jr., signed five trade acceptances in favor of the Arch Manufacturing Company, of St. Louis, for the aggregate sum of $298. These were drawn in connection with an order for a lot of jewelery sold to the appellee under a contract exactly like that copied in the opinion of Traders' Securities Co. v. J. E. Oslin & Son, 227 Ky. 828, 12 S. W. (2d) ——. The first acceptance was payable three months after date, and each of the others matured three months apart thereafter.

Three days before the maturity of the first instrument, it is alleged and proven that all of them were assigned to the appellant, Traders' Securities Company, also of St. Louis, for 10 per cent. less than their face value. Suit was filed by the appellant against appellee on these instruments, it being alleged that it was the owner and holder for value in due course. The defendant denied that the plaintiff, for a valuable consideration before the

maturity of these instruments, purchased same without notice of any infirmity therein, and denied that it was the holder in due course. He further set up the contract with the Arch Manufacturing Company which was the basis of the trade acceptances, and alleged that they were secured from him by fraud and misrepresentation; that he had offered to return the jewelry in accordance with the terms of the contract, but the Arch Manufacturing Company had refused to accept the return of the merchandise. This was alleged as a failure of consideration. He affirmatively alleged that the Traders' Securities Company purchased these instruments with knowledge of the facts set out in his pleadings, and that it had a secret understanding with the Arch Manufacturing Company that it should not lose anything on account of these papers. The court overruled a demurrer and a motion to strike these affirmative allegations from the answer. Thereupon a reply was filed.

The secretary and treasurer of the appellant company testified that it had purchased these acceptances as an investment for 10 per cent. less than their face value. He stated that the officers of the two companies were entirely different, and positively testified there was no connection whatever between them. The defendant, over objection, testified as to the execution of the contract, and at first indicated by evasive and qualified answers that he had not signed the instruments sued on, but finally unequivocally said that he had not signed them. The jury returned a verdict in favor of the defendant, and the plaintiff has moved for an appeal and asked for a reversal of that judgment.

Since there was no evidence contradicting that of the appellant company to the effect that it was a holder in due course without notice of the contract or any infirmity, the court should have directed the jury to return a verdict for the plaintiff. Traders' Securities Co. v. Oslin & Son, supra.

The appellee insists that it was proper to submit to the jury the question as to whether or not appellee had signed the instruments sued on. In his answer appellee did not specifically deny their execution or plead non est factum. The latter is an affirmative plea, and even if some parts of his answer could be construed as a mere denial of their execution, it is not sufficient. Taylor's Adm'r v. Scott, 218 Ky. 302, 291 S. W. 393.

The appeal is granted, and the judgment reversed.