## Traders' Security Company v. Pennington.

(Decided November 18, 1930.)

C. R. LUKER for appellant.

FINLEY HAMILTON and RAY C. LEWIS for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellant, Traders' Security Company, sued the appellee, W. G. Pennington, to recover on four trade acceptances of $59.60 each, bearing interest from date, July 29, 1925, which had been executed to the Arch Manufacturing Company, of St. Louis, and alleged to have been assigned before maturity for a valuable consideration to the plaintiff, who was the holder thereof in due course. The suit is similar to Traders' Securities Co. v. Oslin & Son, 227 Ky. 828, 14 S. W. (2d) 149, and Traders' Securities Co. v. Oney, 228 Ky. 182, 14 S. W. (2d) 752. The defendant, a country merchant of Laurel county, denied every allegation of the petition, and in his answer elaborately set up the circumstances and conditions surrounding the execution of the instrument sued on, which, if true, sustains his plea therein made that they were obtained from him by gross fraud on the part of an agent of the payee. He further pleaded that the Arch Manufacturing Company was in truth and in fact but a name under which Blackstad, Incorporated, which also operated under the name of National Novelty Import Company, was doing business; that the plaintiff, Traders' Security Company, with a capital of only $10,000, was the successor of the Metropolitan Discount Company, and organized at the time Blackstad began operating as the Arch Manufacturing Company for the purpose of buying paper obtained by it; that the plaintiff had notice and knowledge of the fraudulent methods of doing business by Blackstad Incorporated, under its two assumed names; that before acquiring the instruments sued on it had had other suits of a similar nature

in nearby counties to which the same defense had been offered; and, if in fact the plaintiff had acquired the paper sued on, it had done so well knowing at the time that it had been obtained by fraud, misrepresentation, and deceit. He further charged that the plaintiff, working with the Arch Manufacturing Company, had acquired the negotiable instruments taken by it through fraud and collusion for the sole and only purpose of defeating any defense or contention of fraud that might be made against them, and had so acquired the acceptances executed by the defendant. He charged that the plaintiff knew or by the exercise of reasonable diligence could have known that the instruments had been obtained from him through fraud, and, notwithstanding this knowledge of the facts, it had bought the acceptances signed by him, and that the first of the series had been paid by his banker, a counterclaim for the amount of which was made.

The plaintiff filed a demurrer and motion to strike the two paragraphs of the answer containing the affirmative defenses, which were overruled. Some time thereafter the case came to trial. The defendant's evidence of the extraordinarily fraudulent manner in which the instruments had been obtained from him was not in any way contradicted. The appellant contends that the evidence was not sufficient to justify the verdict that it was not the holder of the instruments in due course. On the contrary, the appellee contends that the admissions of the plaintiff's manager, made in his deposition taken on interrogatories, constituted a scintilla of proof sufficient to sustain the verdict that the instruments had not been acquired in good faith or in innocence of fraud by which they were secured.

The affirmative allegations of the answer above outlined were not denied by a reply or controverted of record. It therefore stood and now stands admitted that the plaintiff obtained the instruments sued on with full notice and knowledge of the undenied gross fraud by means of which they had been obtained, and had acquired the notes through collusion and a fraudulent scheme between the Arch Manufacturing Company and itself. In such circumstances it acquired no better title than the original payee, which it is conclusively shown had no title because of the fraud. Sections 3720b-58, 3720b-59,

Kentucky Statutes; Gibbs v. Metcalf, 201 Ky. 504, 256 S. W. 1109.

An appeal is granted, and the judgment is affirmed.