**Carroll T. PAYNE, Appellant,**

**v.**

**Ward TERRY, Appellee.**

Court of Appeals of Kentucky.

April 26, 1963.

Ephraim K. Lawrence, Jr., Edw. L. Phillips, Louisville, for appellant.

Clement Block, Garland Hubbard, Louisville, for appellee.

STANLEY, Commissioner.

The appellee, Ward Terry, sued the appellant, Carroll T. Payne, to recover judgment on the following instrument:

"Aug. 18—1954

Borrowed $7,000.00 to buy farm to be paid when house is sold.

/S   Alice Payne
/S   Carroll T. Payne"

The cosigner, Alice Payne, is the deceased wife of the defendant.

The complaint states that the farm and house referred to in the instrument had been sold in January or February, 1959; that $1,000 had been paid; and that $6,000 remains due and unpaid.

In his original answer the defendant denied generally all the allegations of the

complaint, then made a wholly irrelevant statement that "the farm in question" was purchased by his wife and paid for by her from a joint bank account, and denied "signing any promissory note with the plaintiff." He did not otherwise deny signing the instrument sued on. The defendant entered a counterclaim, which will be hereinafter considered. An amended answer was filed, pleading the Statute of Frauds, particularly, KRS 371.010, subsection 7. This declares that no person may be held liable upon an agreement that is not to be performed within one year from the making thereof. Later the defendant tendered a second amended answer, pleading "the defense of the Statute of Limitations," without specification, and afterward tendered a third amended answer, pleading nonpayment of taxes by the plaintiff. The court overruled the motions to file these two amendments.

■ The defendant's deposition, taken for purpose of discovery, covered much that was irrelevant and immaterial. It was shown, however, that the farm referred to in the obligation was in Hardin County. With reference to his plea of non est factum, the defendant admitted the signature on the paper "looks like my handwriting," but he repeatedly qualified his denial of signing it "because I don't remember signing it." This is not a denial sufficient to sustain the burden of non est factum. See Taylor's Adm'r v. Scott, 218 Ky. 302, 291 S.W. 393. Specimens of his signature made during the course of the deposition for comparison clearly show that the signature was that of the defendant.

■ The whole defense in the case seems to be based upon the idea that the writing is not a promissory note with a definite agreement to pay the amount stated. This is a misplaced idea. It is well settled that no precise form is necessary to constitute a promissory note. An express promise to pay the money is not necessary, for a promise founded on an acknowledgment of indebtedness may be implied in law if it can be fairly gathered from the writing itself. 10 C.J.S. Bills and Notes § 84; 7 Am.Jur., Bills and Notes, §§ 106, 107.

■ As a matter of syntax, "We," as the subject of "borrowed," with which the instrument begins, may be supplied. The word "borrow," according to Webster, means "to receive something from another with the implied or expressed intention of returning the same or giving an equivalent; the opposite of lend." It is evident that where money is borrowed the identical money lent is not to be returned, but repayment will be made. So, the term here used imports a promise to pay the amount stated. Hart v. Burton, 30 Ky. 322, 7 J.J.Marsh 322; Harrow v. Dugan, 36 Ky. 341, 6 Dana 341. The instrument in the latter case recited, "I have borrowed" from a named person a stated amount, "which money was loaned to me," etc. The court held an action could be maintained upon the instrument as a promissory note. Of like indefinite character were the writings held to be enforceable obligations in Kalfus v. Watts, 16 Ky. 197, Litt.Sel.Cas. 197, and Kendall v. Lewis, 10 Ky.Law Rep. 362, an abstract opinion of the Superior Court. See Annotation, 127 A.L.R. 650, covering the enforceability of instruments acknowledging a debt but containing no express promise to pay.

■ In the present instrument the provision as to the time of the payment of the obligation was fixed and determinable, namely, when a house on a farm to be bought should be sold.[1]

■ With the determination that the instrument sued on is a promissory note, it is, of course, apparent that the pleading of the Statute of Frauds and the tendered pleading of the Statute of Limitations were

---

1. It may be observed, to avoid misunderstanding, that we are not concerned in this case with the question of negotiability of a note, in which the matter of uncertainty of the happening of a contingent event may be material. See 10 C.J.S. Bills and Notes § 97.

properly denied. And we think it was not an abuse of discretion of the trial court to refuse leave to file the third amended answer.

We cannot accede to the appellant's argument that the trial court committed error in granting the summary judgment to plaintiff instead of to him. The court had for consideration the pleadings and the defendant's deposition containing a denial so equivocal and evasive as to constitute in reality an admission that he had signed the obligation sued on and had not paid it, as the plaintiff had alleged. There was, therefore, no "genuine issue as to any material fact" to be decided. CR 56.03. We think it was proper to render judgment on the complaint as a matter of law.

The defendant's counterclaim merely asserted that the plaintiff was furnished room and board by the defendant for a period of twenty-two years and "the defendant further has made repeated [sic] upon the plaintiff for the said room and board for the past twenty-two years in the amount of approximately $10,000." The plaintiff replied with a general denial. The counterclaim contained no allegation of a contract, either express or implied. It is readily apparent that it did not state a cause of action. Moreover, the defendant, in his deposition, stated that his wife was the plaintiff's daughter and admitted there was no sort of agreement for the payment of board and lodging by her father.

The judgment is affirmed.