EASTERN DIS.
*January*, 1833.
══════════
NEWTON ET AL
*vs.*
TURNER ET AL.
section of the law which entitles the undertaker to an order of seizure and sale, makes it the duty of the judge, in cases of non-residency, " to name an attorney for the non-resident, upon whom service shall be made as provided for in executory proceedings by the *Code of Practice;* and said attorney shall be entitled to such compensation as said judge may think proper, to be taxed as part of the costs.

The general rule with regard to costs, requires that they should be borne by the party cast in a suit, and they are so taxed in ordinary cases. It is true, that the amount to be levied in most instances, is expressly specified by law; and it would probably be well that such specification should be made in all cases, according to the maxim which considers laws the best which leave least to the discretion of judges. The law, however, under which the advocate claims compensation in the present case, seems to leave the amount to be allowed as costs, entirely to the discretion of the judge; but this circumstance does not, in our opinion, take the matter out of the general rules by creating an exception; and as the plaintiff has entirely failed in his action, all the costs of proceedings were properly imposed on him. The sum taxed we do not consider unreasonable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

══════════

## NEWTON ET AL *vs.* TURNER ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

The defendant sued as the maker of a promissory note, cannot inquire whether the plaintiff, who has the legal title, is the owner, or his agent.

But such defendant can make such inquiry when he has substantial grounds of defence against the payee, and an attempt is made by fictitious assignment to deprive him of them.

This action was brought by the endorsers of a promissory note against the drawers. The defendants deny that the plaintiffs are the owners of the note, and allege indebtedness on the part of the real owner to the defendants.

Interrogatories were propounded to the defendants, which, if affirmatively answered, would establish the allegations of the answer. The plaintiffs excepted to those interrogatories as immaterial, and upon several other grounds. The court sustained the objection on the first ground.

The cause was tried and judgment was given for the plaintiffs, from which, after a motion for a new trial had been overruled, the defendants appealed.

*Labauve,* for appellants.

1. The exceptions to the interrogatories propounded by defendants to plaintiffs, were wrongfully sustained.

2. The defendants, under the pleadings, had an undoubted right to the answers of the plaintiffs. 8 *N. S. p.* 558. 2 *La. Rep. p.* 263.

3. The endorsement and protest could not exclude proof that Campbell was still the owner of the note.

4. The affidavit made by Turner, annexed to the interrogatories, was sufficient in law.

*Burke* and *Davis,* for appellees.

1. The exception to the interrogatories was properly sustained. 9 *Martin's Rep.* 344. 3 *N. S.* 164, 291, 392.

2. The note was endorsed before maturity, and the endorsement duly notified to the drawers.

3. The claims set up in the answers of defendants, was on the face of it subsequent to the endorsement and protest. *Rec. p.* 3. *Ibid, p.* 4.

4. The appeal is taken for delay. *Code Practice, art.* 907.

PORTER, J. delivered the opinion of the court.

The plaintiffs, endorsers of a promissory note executed by the defendants, sue them to recover the amount thereof, with interest and costs of protest.

EASTERN DIS.
January, 1833.
═══════════
NEWTON ET AL
  vs.
TURNER ET AL.

The answer denies that the plaintiffs are the owners of the note; and avers, that it is still the property of Campbell, the payee. Compensation is also pleaded in a note of Campbell's, and an account due by him to the defendants.

Interrogatories were annexed to the answer, calling on the plaintiffs to swear whether they were the true and *bona fide* owners of the note; at what time it was transferred to them; and whether Campbell, the payee, was not still the true proprietor of the instrument sued on.

These interrogatories were excepted to; because they were not pertinent; because the note sued on has the endorsement of the payee, which gives the plaintiffs a complete right of action; because the answer contains no allegation that the note was endorsed after maturity; because the note was protested for non-payment before the debts now pleaded in compensation had been due, and even before one of them had been contracted; because the defendants have not subjoined the proper affidavit to their interrogatories; and, finally, because neither the execution of the note, *nor its nullity,* (we presume, *its validity,* was meant,) is called in question.

The court sustained these exceptions, on the ground of the immateriality of the interrogatories, and judgment being given against the defendants, they appealed.

The defendant sued as the maker of a promissory note, cannot inquire whether the plaintiff, who has the legal title, is the owner, or his agent.

The doctrine contended for by the plaintiffs, which has been sanctioned by several decisions of this court, we believe correct. The maker of the note, when sued, has not the right to inquire whether the plaintiff, in whom the legal title to the instrument is vested, be the agent or the owner of it. Because, whether he be the one or the *other, is* immaterial to the defendant, for a judgment in favor of the party, who *ex facie* has the title to the note, will protect him against a demand against any other person. But, this rule has its exceptions, as we stated in the case of *Banks* vs. *Eastin,* and one of these is where the defendant has substantial grounds of defence against the payee, of which he apprehends an attempt is made to deprive him by a fictitious assignment. In this case, the answer sets up what would be a good de-

fence against the payee, and it charges the assignment to be
false and fraudulent. It, therefore, comes clearly within
the exception just stated, unless a distinction taken by the counsel for plaintiffs, should be found correct.   3 *N. S.* 291, 392.

It is contended, that as the debts now pleaded in compensation were not acquired until after the endorsement of the note, the assignment could not have been made to deprive the defendants of any just defence, to the instrument sued on; and, consequently, they have no right to put the interrogatories.   The position assumes that the authority of the defendants to go into the inquiry, as to the real ownership of the note, depends on their having a defence against the payee, at the time of the transfer, and that this transfer was made to deprive them of the defence.   We are not aware of any authority, or sound reason, on which the right can be so limited.   As strong an inducement for such fictitious transfers, may exist in the apprehension the debtor will acquire obligations of the plaintiffs, as he will set off those already acquired.   The fictitious assignment cannot deprive the defendants of rights which they would have had, had that assignment not been made; if the plaintiffs are but the agents of the payee, the case must be open to every defence against them, it would be against him.

But such defendant can make such inquiry when he has substantial grounds of defence against the payee, and an attempt is made by fictitious assignment to deprive him of those grounds of defence.

The defect in the affidavit, which is alleged in the bill of exceptions, was not relied on in argument; and on looking into the record, it does not appear to us tenable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered and decreed, that the cause be remanded to the district judge, with directions to him to overrule the exception filed to the defendants' interrogatories; and it is further ordered, the appellees pay the costs of this appeal.