## Ham v. Merritt.

(Decided October 16, 1912.)

### Appeal from Warren Circuit Court.

Bills and Notes—Purchaser of Note—Notice—Inadequacy of Price Not Sufficient to Put Purchaser on Notice.—The purchaser of a note is a holder in due course, though he only pays for it one-third of its face value, the inadequacy of price standing alone not being sufficient to put him on notice, both the purchaser and seller living in another State and neither knowing. the maker of the note.

GALLOWAY & MILLIKEN for appellant

H. H. DENHARDT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

On November 21, 1910, Mrs. Eva Merritt executed her note for three hundred ($300) dollars to The Southern Hospital Association, payable January 20, 1911. The association assigned the note, before maturity, to Asa Brunson and he sold it to E. C. Ham, who brought this suit against Mrs. Merritt to recover upon it. She filed an answer in which she pleaded, in effect that the note was obtained from her by fraud, but Ham pleaded he was a holder in due course and without notice, which was denied by her. On a final submission of the case Ham's petition was dismissed and he appeals.

Mrs. Merritt executed the note to one N. H. Vaughan, who was a representative of the association, selling its stock. Her testimony is sufficient to show that the note was obtained from her by fraud and although Vaughan testifies to a different version of the transaction we must accept her version of it as the circuit court did this; so the only question here is, whether Ham is a bona fide purchaser, without notice. Ham and Brunson both testified in substance that Brunson had to have one hundred ($100) dollars and that he finally sold the note to Ham for one hundred ($100) dollars in order to get this amount of money. The evidence is clear and conclusive that Ham, in fact, paid Brunson one hundred ($100) dollars for the note and there is an entire want of any other evidence to show that he had notice of any infirm-

ity in the note except the fact that Brunson sold it for one hundred ($100) dollars. Brunson and Ham, both lived in Tennessee and neither knew Mrs. Merritt. While the fact that the note was sold for so small an amount, might with some other evidence, be of great weight; standing alone, it is not sufficient to show that Ham is not a bona fide purchaser. Section 56 of the Negotiable Instrument Act is as follows:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Under this statute the mere fact that the purchaser takes the note at a large discount is not sufficient, standing alone, to deprive him of its protection. (Bothwell v. Corum, 135 Ky., 766; Jett v. Standafor, 143 Ky., 787; 7 Cyc., 930; Montgomery v. Bank, 16 R., 445; 4 Am. & Eng. Ency., 283.) The assignment of the note by the secretary and treasurer of the company, in payment of a debt of the company, has not been complained of by it and is prima facie valid. It will not be presumed, in the absence of any evidence, that he acted without authority.

It is true the company was not authorized to do business until a certain amount of its stock had been subscribed, but when it sold stock and took a note therefor it was authorized to sell the note for only in this way could it get money to carry on business, where it sold the stock on time.

There being an entire want of evidence to show that Ham had notice of any infirmity in the note the judgment dismissing his petition was unauthorized. (Cincinnati, &c., R. R. Co. v. Hansford, 125 Ky., 37.)

Judgment reversed and cause remanded for a new trial.