# Montenegro-Riehm Music Company v. Illinois Trust & Savings Bank.

(Decided May 12, 1915.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Bills and Notes—Negotiable Notes—Sale of By Agent—When Purchaser Not Responsible for Agent's Misappropriation of Proceeds. —Where an agent, to whom the principal executed notes to be discounted and the proceeds paid the principal, sold the notes to a bank and appropriated the proceeds to his own use; the principal, upon being sued by the bank upon the notes, could not defeat a recovery thereon, in the absence of proof that the bank at the time of purchasing the notes knew they were to be discounted for the benefit of the principal and that the agent was without authority to appropriate the proceeds to his own use.

2. Bills and Notes—Negotiable Instruments Act—Notice of Infirmity In Note or Title of Holder—What Will Constitute.—To constitute notice of an infirmity in a negotiable note or defect in the title of the person negotiating it, the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.

BLAKEY, QUIN & LEWIS for appellant.

DODD & DODD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action the appellee, Illinois Trust & Savings Bank, recovered of the appellant, Montenegro-Riehm Music Company, in the court below, a verdict and judgment for the amount of two notes of $1,000.00 each, with six per cent. interest from December 13, 1913. The notes were executed by appellant to F. M. Pease, September 13, 1913, payable ninety days after date, and were shortly thereafter, and before maturity, indorsed by Pease, discounted by the appellee bank, and, at maturity, protested for non-payment. The action thereon was instituted December 15, 1913.

It was alleged in the petition that appellee was an innocent purchaser of the notes in due course and for value. The appellant by answer, filed January 17, 1914, more than twenty days after the institution of the action, admitted the execution of the notes by it, but denied that appellee was an innocent purchaser of them

in due course or for value, and, in substance, alleged that they were executed by appellant and delivered to Pease for the purpose of having him discount them and pay the proceeds to appellant, instead of doing which and turning over the proceeds to appellant, Pease delivered them to appellee for a debt he was owing it, and that "said plaintiff (appellee) knew the circumstances under which the said Pease obtained the said notes, and knew that said Pease had no authority to surrender said notes to the plaintiff for any purpose other than that herein stated." The affirmative matter of the answer was controverted by reply.

The case was set for trial April 1, 1914, and on that day appellant tendered and offered to file an amended answer, to which appellee objected. The objection was sustained and the amended answer was not permitted to be filed. On the following day appellant tendered a second amended answer and moved that the same be filed, but the motion was overruled, and to the ruling of the court in refusing to allow the filing of the amended answers appellant excepted. The case went to trial upon the issues made by the petition, answer and reply. At the conclusion of all the evidence the jury, in obedience to a peremptory instruction from the court to that effect, returned a verdict in behalf of appellee for the amount of the two notes sued on and interest, as previously stated. From the judgment entered upon that verdict this appeal is prosecuted.

It is insisted for appellant that the trial court erred in refusing to permit the filing of the amended answers offered by it. The first amended answer contained, in effect, a plea of *non est factum;* that is, it alleged that the notes in suit were executed by J. L. Riehm, then secretary and treasurer of the appellant company, that Riehm had no authority to execute or deliver the notes, that his act in so doing was *ultra vires,* and that notes could only be executed by the appellant company through its president, and, in his absence, by the vice-president. The second amended answer was, in effect, an attempt to withdraw so much of the appellant's original answer as admitted the execution and delivery of the notes sued on, contained a denial that the notes were executed or delivered, and alleged that the admission in its original answer as to their execution was due to a mistake of law and fact on the part of appellant, which it did not discover until March 31, 1914.

The refusal of the court to permit the filing of the amended answers was based upon the grounds that the facts therein alleged were bound to have been known to appellant at the time of the filing of the original answer, as J. L. Riehm, who executed the notes as secretary and treasurer of the appellant company, was its president at the time of the filing of the original and amended answers, and they were signed and sworn to by him; and, further, that neither amendment presented any excuse for the failure of appellant to rely in its original answer upon the matters set up as a defense by the amended answers; and, moreover, that the admission in the original answer of the due execution of the notes, constituted a ratification by appellant of the act of Riehm in executing them.

Without passing on the last ground, the two first mentioned upon which the amended answers were rejected by the trial court, constrain us to say that the rulings did not amount to an abuse of discretion, and, this being so, they will not authorize a reversal of the judgment appealed from.

Appellant complains of the ruling of the court in excluding as evidence on the trial the testimony of J. L. Riehm to the effect that appellant, in response to an inquiry from a Chicago business concern as to one of the notes in suit, which Pease had offered to sell it, notified it of the invalidity of both notes and the defense appellant had to them. The evidence was clearly incompetent. The character of notice necessary to give information of infirmity in a negotiable note is thus defined in Section 56 of the "Negotiable Instruments Act:"

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

It is not preceived how notice to another of the invalidity of the notes in question, which was never communicated to appellee, could defeat its right to recover on the notes. Manifestly, the exclusion of the evidence referred to was not error.

It is further insisted for appellant, that the giving of the peremptory instruction directing a verdict for appellee, was error. This contention is unsupported by

the record.   Without the amended answers, the only issue to be tried was, whether appellee was a purchaser in good faith of the notes.   The evidence furnished by appellee's cashier, bookkeeper and attorney shows that it had no knowledge of the want of authority in Pease to sell the notes and apply the proceeds to his own use, nor are the rights of appellee affected by the fact that Pease did apply $1,200.00 of the proceeds of the notes to the payment of a debt he owed it.   It is admitted by appellant that Pease had authority to discount the notes, but that it was to receive the proceeds.   Appellee's witnesses testified that it had no notice of this limitation upon the authority given Pease, and that it had his assurance that the notes were executed by appellant to compensate him for services performed for it, and his statement in writing that he was the owner of the notes. This evidence shows the good faith of appellee in purchasing and discounting the notes and is uncontradicted by any other evidence appearing in the record.   The burden was upon appellant to show that appellee was not a. purchaser in good faith of the notes, and J. L. Riehm, the only witness introduced in behalf of appellant, knew nothing of the circumstances attending appellee's purchase of the notes, and testified to no fact which conduced to prove that it knew of any infirmity in the notes or in Pease's title to them.   In view of the facts, the refusal of the peremptory instruction by the court would have been error.

The provisions of the Negotiable Instruments Act and the decisions of this court construing them, show that the rights of a purchaser of negotiable paper are not to be defeated upon suspicion; and that to defeat a recovery upon such an instrument by the purchaser, the facts as to the infirmity therein known to him must be such as to show that his action in taking it amounted to bad faith.   Negotiable Instruments Act, Secs. 56, 57, 52, 25; Pratt v. Rounds, 160 Ky., 358; Jett v. Standefer, 143 Ky., 787; Elk Valley Coal Co. v. Bank, 157 Ky., 617; Campbell v. Fourth National Bank, 137 Ky., 555; American National Bank v. Minor, 142 Ky., 792; Rothwell v. Corum, 135 Ky., 766; Ham v. Merritt, 150 Ky., 11.

The record furnishing no reason for disturbing the verdict, the judgment is affirmed.