## McGowan, et al. v. Peoples Bank.

(Decided June 20, 1919.)

### Appeal from Nelson Circuit Court.

Bills and Notes—Holder of Negotiable Instrument—Defenses.—
The holder of a negotiable instrument may maintain a suit thereon, in his own name, and hence, a denial of his ownership of the note does not present a defense to his action, but, if he does not have the equitable title to the note, the party sued upon the note, may interpose any defense, which he might make, as against the beneficial owner.

AUGUSTUS E. WILLSON, R. P. DIETZMAN and R. C. CHERRY for appellants.

KELLEY & KELLEY and JOHN A. FULTON for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellants, in this action are the same as those in the action of Graeme McGowan, et al. v. Alvin Wells' Trustee, decided on June 17, 1919. The issues are the same and the facts are the same in both cases, except

as hereinafter stated, and the opinion in the case, *supra,* is adopted as the opinion of the court, in this case, so far as the questions determined are similar. The notes herein sued on, were executed to the Peoples Bank by the Distillers Cooperage Company, on the same day, upon which the notes sued on in McGowan, et al. v. Wells' Trustee, *supra,* were executed, and a judgment for the amount of the notes against the appellants is sought upon the contract of guaranty, which was the basis of the action, in that case. The only difference between this case and that, is, that the notes, in controversey, in this action, are for the sum of $5,000.00 each, and were assigned by the Peoples Bank, and were, thereafter, re-assigned to it, and the bank instituted this action upon the notes and guaranty.

The appellee, Peoples Bank, in its petition, alleges, that it assigned the notes, by its endorsement upon the back of each of them, to Mrs. Sallie B. Newman, who, thereafter and before the bringing of the action, assigned the notes back to the bank, by and through her agent, John E. Newman. The notes, which are filed with the petition, show, that they were assigned to the bank by John E. Newman, in his own name, as though he was the owner and holder of same, and that he made, upon the notes, a guaranty of their payment. Mrs. Sallie B. Newman became a party to the suit, by an intervening petition, in which she alleged, that the assignment, by the bank, was to her, and that the re-assignment to the bank, was by her, through her agent, John E. Newman, and that she had no further interest in the notes, and no interest in the action, except as a guarantor of their payment, through her agent.

The appellants, by their answers, denied that the bank ever assigned the notes to Mrs. Sallie B. Newman, or that she ever re-assigned them to the bank, or that the bank, was now the owner of the notes, or entitled to maintain an action thereon, and, affirmatively, alleged, that the bank had, in the first instance, assigned the notes to John E. Newman, who becoming fearful, that the assignment to him did not carry with it the benefits of the guaranty, and with the purpose of trying to secure the benefits of the guaranty, had pretended to assign the notes back to the bank, which in collusion with him was lending to him the benefit of its name as the plaintiff, in the action, but, he was the owner of the notes. The

denial made of the ownership of the notes by the bank, the appellants insist, presented an issue of fact, and a good defense to the action, and the demurrer to their answer, was, therefore erroneously overruled. As in McGowan, et al. v. Wells' Trustee, *supra,* a general demurrer was sustained to the answer of appellants, who declining to further plead, the judgment was rendered against them for the sums of the notes. The issues, raised by the demurrer, other than the one with reference to the bank's ownership of the notes, were the same as those considered, in McGowan, et al. v. Wells' Trustee, *supra,* and will not be further discussed. The bank alleged, that it was the owner of the notes, and this was denied. It alleged, that it had assigned the notes to Sallie B. Newman, who had assigned them back to it, and this was denied. The question to be decided is, did these denials present a good defense to the bank's suit? Upon the demurrer to the answer, every fact properly pleaded must be admitted to be true and every alleged fact properly denied must be considered to be untrue.

Section 18, Civil Code, provides, that every action must be prosecuted in the name of the real party in interest, except as provided in section 21. Section 21, among other things, provides, that a person, expressly authorized to do so by statute may bring an action without joining, with him, the person for whose benefit it is prosecuted. The notes sued on, are negotiable instruments. The petition shows, and it is undenied, that the notes were endorsed by the bank, without recourse, and the name of Sallie B. Newman, nowhere, appears thereon, but the re-assignment to the bank, was made by John E. Newman, as though he was the then owner of same. When considering the demurrer, the allegations that the bank assigned the notes to Sallie B. Newman, and that she re-assigned them to the bank by her agent, must be considered as untrue, and the allegation of the answer that the bank assigned the notes to John E. Newman, and that he assigned them back to the bank, must be taken as true, but, it, also, has to be taken as true, that the bank is not the real owner of the notes nor the real party in interest, but, that although Newman has assigned and delivered them to the bank, together, with a guaranty of their payment, he is still the real party in interest, and he is not a party to this suit.

The answer, however, does not deny, that the bank is now the holder of the notes, if not as owner, at least under an assignment by John E. Newman, whom the appellants allege is the owner, and has the right to assign them, and this assignment would protect the obligors, in the payment, of the notes to the bank. Section 51, article 4, chapter 90b of Ky. Stats., known as the "Negotiable Instruments Law," provides, as follows: "The holder of a negotiable instrument may sue thereon, in his own name, and payment to him in due course discharges the instrument."

While the bank, under the averments and denials of the answer, is not a holder of the notes "in due course," and they are subject to any defense, which might be made as against non-negotiable instruments, the legal title to the notes, is in the bank, and as holder thereof, the statute authorizes it to maintain a suit thereon. Under the allegations and denials of the answer, a payment of the notes to the bank could not be complained of by any one, except John E. Newman, and his written assignment of the notes to the bank would estop him from any assertion of title, as against a payor. The only claim, he would have, would be against the assignee. The statute, *supra*, which authorizes the holder of a negotiable instrument to maintain a suit upon it, is declaratory of the rule of the common law, which was to the effect, that the right of action, at law, upon a bill or note, was in the party, who had the strict legal title, and such an action should be prosecuted in the name of the legal owner, that is in the name of the holder of the legal title. When a holder of a negotiable instrument is authorized to maintain a suit upon it, it can be no kind of concern to the payors, as to what kind of an arrangement existed between the holder with the legal title and his assignor, who had vested the legal title in him, and if the legal title has been vested in the holder merely to enable him to collect it for the benefit of the real owner, the payors, by showing this fact, may then offer any defense, which they might have, if the suit was in the name of the beneficial owner. The answer of appellants does not disclose any defense, which they would have, if the suit was by John E. Newman. Farwell v. Tyler, 5 Ia. 535; Fears v. Jones, 6 Ia. 169; Felch v. Beandry, 40 Cal. 439; Frost v. Harford, 40 Cal. 165; Manley v. Park, 68 Kan. 400; Newton v. Turner, 5 La. 46; 3 R. C. L. 991.

Hence, being a holder of the notes by assignment from the person alleged to have been the owner by appellants, and thus holding the legal title to the notes, the bank was authorized by the statute, to maintain the suit, and the denials of the beneficial ownership by the bank, did not present a defense to the action. Under the doctrine held in McGowan, et al. v. Wells' Trustee, *supra,* the guaranty and the right to sue thereon, passed with the assignment of the notes to Newman, and when he re-assigned the notes to the bank, the benefit of the guaranty passed again to the bank, as a right, collateral to the notes and incident thereto.

It is, also, urged, that the guaranty of payment of the notes made by Newman, when he transferred and assigned the notes to the bank, worked a novation, and had the effet of discharging the appellants from liability upon the guaranty. The guaranty of Newman was only an additional security given to the bank for the payment of the notes, and it is impossible to see, how it, in any way, affected the guaranty of appellants, in the absence of any stipulation to that effect, as it could not have, by any possibility, worked any prejudice to their interests.

The judgment is therefore affirmed.