### Security Finance Company v. Thompson.

(Decided November 9, 1926.)

Appeal from Warren Circuit Court.

1.  Bills and Notes.—Evidence held not to show that purchaser of notes before maturity for value had notice of fraud in their procurement.
2.  Bills and Notes.—That maker received no other notice of maturity of note except letter from purchaser's attorney that note was returned unpaid by local bank is no evidence that purchaser of note had any notice of infirmity in note.
3.  Bills and Notes.—Where there is no evidence that holder in due course had notice of infirmity of note sued on, a peremptory instruction should be given for him.

JOHN L. STOUT for appellant.

G. D. MILLIKEN, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On May 1, 1925, the Bernard Manufacturing Company delivered to G. W. Thompson a radio set and certain appurtenances under a written contract, and he then executed to it notes aggregating $305.00, the first note due in two months for $55.00 and the others monthly thereafter. On June 11, the Bernard Manufacturing Company sold to the Security Finance Company a bunch of notes aggregating $2,896.80, for which the finance com-

pany paid it $2,549.91. This bunch of notes included the first four notes, each for $55.00, executed by Thompson. The finance company brought this suit against Thompson to recover on the notes. He pleaded that they were obtained by fraud. The company replied that it had purchased the notes before maturity for value and without any notice of any infirmity in them. This was denied, and the case came on for trial before a jury. The court by his instructions told the jury in substance that they should find for the plaintiff unless when it purchased the notes it had notice of the infirmity in them. The court refused to give the jury a peremptory instruction to find for the plaintiff. The jury found for the defendant. The plaintiff appeals.

The fact that the notes were obtained by fraud was sufficiently established by the evidence. The only material question in the case is, was there any evidence of notice to the purchaser of the infirmity in the notes? The only facts relied on are these: On June 22, Thompson wrote to the Bernard Manufacturing Company demanding the return of his notes and telling it that he had shipped to it the radio apparatus. On June 24, that company answered his letter refusing to accept the return of the property. This was after it had sold the notes to the finance company, and there is nothing in the letter inconsistent with this. The letter was in answer to his letter saying that he had shipped the goods to them and wanted his notes returned. The letter simply said that company would not receive the goods and that under the contract he had no right to the return of the notes. The defendant also introduced another letter from that company written on July 6, but this was written in answer to a letter of his of June 27, and simply restated the position of that company as in its former letter.

The only other evidence relied on is the fact that the defendant got no letter from the Security Finance Company asking for the payment of the notes except through their attorney, who wrote a letter on July 7, demanding payment of the note due July 1. In this letter the attorney said: "I am given to understand that this note was sent to your local bank for your convenience in payment, but was returned unpaid." The usual way of collecting such paper is to send it to a bank, and the fact that the defendant got no other notice of the maturity of the note except the lawyer's letter, after the bank failed to collect,

is no evidence that the finance company had any notice of any infirmity in the note. There is no showing that it was not in fact sent to the local bank and returned unpaid or that the defendant did not have notice of this.

The court has held several times that where there is no evidence that the holder in due course had notice of the infirmity of the paper a peremptory instruction should be given. Campbell v. Fourth National Bank, 137 Ky. 555; Asbury v. Taube, 151 Ky. 142; Bernard v. Napier, 167 Ky. 831.

In the last case the court thus stated the rule:

"The record does not contain any evidence which conduces to show that appellant had any actual knowledge of any infirmity in the notes or defect in the title of Bauhard Brothers, or knowledge of such facts, that his taking of the notes amounted to bad faith on his part at the time they were negotiated to him, and the court should not have submitted such issue by any institution to the jury. Mere suspicion that he knew something of the alleged frauds practiced in procuring the notes or that one or more of the notes had suffered dishonor, is not sufficient to justify the submission of such issue to the jury."

The circuit court under this rule should have instructed the jury peremptorily to find for the plaintiff.

Appeal granted and judgment reversed.