## Security Finance Company v. Collins.

(Decided April 17, 1928.)

### Appeal from Floyd Circuit Court.

1. Bills and Notes.—In suit by holder against maker of notes, indorsement by stamp on back of notes in terms "Pay Security Finance Co., or order, Brenard Manufacturing Co., per L. J. Records," held sufficient.

2. Bills and Notes.—A plea of fraud in the procurement of a negotiable note cannot prevail against a holder in due course for value without notice.

3.  Commerce.—Ky. Stats., secs. 4215-4223, relative to peddlers' notes, and requiring them to be indorsed as such, held not applicable in suit on notes given for radio, where order for radio was taken by salesman in Kentucky, and transmitted to his company in another istate for approval and shipment, since transaction thereby became an interstate transaction.

J. B. CLARKE for appellant.

JOSEPH D. HARKNESS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On the 15th day of October, 1924, the appellee, Collins, executed and delivered to the Brenard Manufacturing Company six promissory notes aggregating $215. Before any of the notes were due, the Brenard Manufacturing Company, for a valuable consideration, transferred and assigned the notes to Security Finance Company, the appellant. Collins refused to pay the notes. Thereupon appellant instituted suit against him. He answered, denying that the notes had been assigned and transferred to the appellant for a valuable consideration, and further pleading that his signature to the notes was obtained through the fraud of the agent of the Brenard Manufacturing Company.

Appellant established that it purchased the notes from the Brenard Manufacturing Company for a valuable consideration. There is no evidence to the contrary. The evidence of appellee tended to establish that his signature was obtained by fraud. The jury returned a verdict in favor of appellee under the instructions given by the court. The instructions given by the court did not submit the issues which might have been made under the pleadings. However, in view of the fact that the court should have instructed the jury to return a verdict in favor of appellant for the full amount sued for, we deem it unnecessary to discuss the instructions. The only theory that occurs to us which guided the court in giving his instructions must have been that the notes were not assigned or transferred to appellant as required by law, since they were indorsed by the Brenard Manufacturing Company by a stamp on the back thereof as follows:

"Pay Security Finance Co., or order, Brenard Manufacturing Co., per L. J. Records."

This indorsement was sufficient. Selma Savings Bank v. Webster County Bank, 182 Ky. 604, 206 S. W. 870, 2 A. L. R. 1136.

A plea of fraud in the procurement of a negotiable note cannot prevail against a holder in due course of value without notice. Security Finance Co. v. Thompson, 216 Ky. 364, 287 S. W. 938.

In his answer, appellee relied upon sections 4215-4223, Ky. Stats., relating to notes known as "peddlers' notes" as a defense. The order for the radio, which was the thing for which the notes were executed, was taken by a salesman in Kentucky and transmitted to the Brenard Manufacturing Company in the state of Iowa for approval and shipment. It was therefore an interstate transaction, and the statute aforesaid does not apply. Citizens' Bank v. Crittenden Record-Press, 150 Ky. 634, 150 S. W. 814; Brenard Manufacturing Co. v. Jones, 207 Ky. 566, 269 S. W. 722.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.