## Thomas v. Siddens.

(Decided December 4, 1928.)

(As Modified, on Denial of Rehearing, October 29, 1929.)

652

J. F. DENTON, A. J. OLIVER, and JOHN E. RICHARDSON for appellant.

JOHN L. STOUT and V. H. BAIRD for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant J. Hardy Thomas, filed his suit to recover judgment against the appellee, W. M. Siddens, on a promissory note for $3,075. He alleged that the note was originally executed to Thomas-Hinton Company, a corporation, and that before maturity it was indorsed to the American National Bank as collateral to secure a certain indebtedness of the Thomas-Hinton Company, that the Thomas-Hinton Company was adjudged a bankrupt and all of its assets sold by its trustee, and that at such sale he purchased the note sued on. He stated, in his petition, that the American National Bank held the note as collateral, and was entitled to the proceeds of the note to the extent of the balance due on the indebtedness, which the note as collateral secured. He made the American National Bank a party defendant to the action, and prayed for a judgment against appellee for the amount of the note, and that the debt of the American National Bank be satisfied, and any remainder of the judgment paid to him.

Appellee filed a special and also a general demurrer to the petition, but the American National Bank filed an answer and cross-petition, in which it alleged that the note sued on was held by it as collateral to secure a debt of the Thomas-Hinton Company. The balance of the Thomas-Hinton Company debt unpaid was $1,852.07, according to its answer, but it alleged that the note had been pledged to secure the payment of two other notes, amounting to $3,110.44. The court sustained the special demurrer to the petition on the ground that appellant could not maintain the suit, and he thereafter satisfied

the American National Bank, and it transferred the note to appellant. Whereupon he filed an amended petition disclosing this fact.

In his answer appellee admitted the execution of the note on June 8, 1925, and alleged that it was executed to Thomas-Hinton Company for shares of stock in that corporation. He alleged that he was induced to purchase the stock through fraudulent representations made by the officers and agents of that company. He alleged that the Thomas-Hinton Company filed a voluntary petition in bankruptcy on January 15, 1926; that it was adjudged a bankrupt on February 4, 1926, which was after the maturity of the note sued on; that appellant became the purchaser of the equities in the note at a sale by the trustee in bankruptcy, which was reported and confirmed on March 2, 1926. His answer alleged that the appellant purchased the note after maturity, with full knowledge of the bankruptcy of the Thomas-Hinton Company, and that before he purchased it he was notified of the fraud which appellee relied on to defeat payment.

The reply filed by appellant made an issue on the question of fraudulent representations relating to the sale of the stock. The reply contains allegations to the effect that appellee was familiar with the business affairs of the Thomas-Hinton Company at the time he purchased the stock; that he had purchased stock in that corporation in April prior to his purchase of the stock for which he executed the note sued on; that after he purchased the stock he continued to work for the Thomas-Hinton Company and received a salary for his services for several months; that business was not good, and that the company undertook to make an adjustment of its affairs, and appointed W. Y. McGinnis to represent it in bringing about a settlement with its creditors; that the appellee was a party to this effort, and signed and acknowledged an instrument in writing, authorizing McGinnis to represent it in adjusting debts with its creditors. Appellant relied on this as an estoppel, preventing appellee from defending on the ground of fraud.

The case went to the jury under instructions which we find were erroneous. In the second instruction the jury was allowed to return a verdict in favor of defendant, if the officers and agents of the company stated and represented that it would cost 20 per cent. of the face of the outstanding accounts to collect them. The basis of the complaint on this point was that it would cost more than 20 per cent. to collect them, or rather that they could

not be collected at all. As the instruction was given, although the jury may not have believed that there was any representation on either of the other points, it was authorized to return a verdict in favor of the defendant, if it believed that the simple representation was made, and untrue, that it would cost 20 per cent. of the face of the accounts to collect them, although it may not have cost exceeding 10 per cent. Doubtless what the court meant to say was that the representation was fraudulent, if it was to the effect that it would cost no more than 20 per cent. of the face of the accounts to collect them.

There is a plea of estoppel, but, upon a careful consideration of all the facts and circumstances surrounding this case, the court has reached the conclusion that the doctrine announced in the cases of Reid v. Owensboro Savings Bank & Trust Co., 141 Ky. 444, 132 S. W. 1026; Palmer v. Citizens' Bank of Murray, 179 Ky. 54, 200 S. W. 41; Preston v. Jeffers' Receiver, 179 Ky. 384, 200 S. W. 654; Fletcher American Co. v. Culbertson, 215 Ky. 695, 286 S. W. 984; Smith, Bank Commissioner, v. Jones, 173 Ky. 776, 191 S. W. 500, L. R. A. 1917C, 890; Deppen v. German American Title Co., 70 S. W. 868, 24 Ky. Law Rep. 1110; Castleman-Blakemore Co. v. Brucker, 167 Ky. 269, 180 S. W. 360, is not applicable to this case. The facts distinguish it.

We have also reached the conclusion that appellant was a holder in due course only to the extent of the amount for which the American National Bank held the note as security at the time it was transferred to him. Section 3720b58, Ky. Stats., contains the provision that a holder who derives a title through a holder in due course and who is not himself a party to any fraud or illegality affecting the instrument has all the rights of such former holder in respect to all parties prior thereto. It is admitted that the American National Bank held the note in due course, and when it passed to Thomas he received it as an innocent holder to the extent of the amount still owing on the note at the time.

Thomas is entitled to recover at all events the amount that was due on the note at the time he acquired it from the bank, which the bank alleged was something more than $1,800, and which appellee alleged was something less than $200. Thomas should recover the full amount of the note, unless it was obtained through fraud, or was executed without consideration. The instructions which should be given on another trial should be substantially as follows:

(1) You will find for the plaintiff the sum of $3,075, with interest from June 8, 1925, until paid, unless you believe, from the evidence, that at the time the defendant Siddens purchased said stock that it was worthless and without value, and that said note was executed therefor, in which event you will find for defendant, and you should also find for the defendant Siddens, if you believe, from the evidence, that the note was obtained from him by fraud, as set out in instruction No. 2. Although you may believe that the note was worthless and without value, or that the note was obtained by fraud, still you may find a verdict for plaintiff, if you believe from the evidence as set out in instruction No. 3, but only to the extent therein allowed.

(2) Although the jury may believe, from the evidence, under instruction No. 1, that said stock had value, and was not worthless, and that said note was executed therefor, still you will find for the defendant Siddens, if you shall believe from the evidence that prior to, or at the time of, the purchase of said stock, the officers or agents in charge of the affairs of said corporation falsely or fradulently stated or represented to the defendant Siddens that the stock mentioned in evidence was earning 10 per cent. or that it would take no more than 20 per cent. of the amount of the outstanding accounts to pay for collecting them, or, that the company could take the money paid for the stock by defendant, and thereby be enabled to discount its bills, and in that way increase its earnings, when in truth and in fact these representations, or any of them, if made, were untrue, and known by said officers or agents or could have been known by them, by the exercise of reasonable diligence on the part of said officers or agents, that they, or any of them, were untrue at the time, and if you further believe, from the evidence, that such statements or representations were not known, and could not have been known, to be untrue by Siddens, through the exercise on his part of reasonable diligence, and that, relying on such statements and representations, if made, the defendant purchased said stock, unless you find for plaintiff under instruction No. 3.

(3) If you find from the evidence that said stock, at the time of its purchase by Siddens, had value and was not worthless, and that the note sued on was executed therefor, as you are authorized to do, or not to do, under instruction No. 1, or if you find from the evidence that

the defendant was not induced to purchase said stock through fraudulent statements or representations, as you are authorized to do, or not to do, under instruction No. 2, you will find for the plaintiff the full amount sued for; but if you find from the evidence that the defendant bought said stock when it had no value, or was worthless, and that said note was executed therefor, or if you believe from the evidence that defendant was induced to purchase said stock through fraudulent statements or representations made by the officers or agents of said company as set out in instruction No. 2, you will find for the plaintiff no greater sum than the balance that was unpaid on said note, if anything, at the time it was assigned by the American National Bank to plaintiff. If nothing was due to said bank at the time, and you find for defendant under either instruction No. 1 or No. 2, you will find for the defendant on the whole case, but if you find for the plaintiff under both instructions No. 1 and No. 2, your verdict shall be in favor of the plaintiff for the full amount sued for. But if you find for plaintiff only under instruction No. 3, your verdict will be for no greater sum than the balance due on the note at the time of the assignment, with interest from that date.

Judgment is reversed, and cause remanded for proceedings consistent with this opinion.