## Garnett v. Oliver.

(Decided June 19, 1931.)

MARCUS C. REDWINE and J. SMITH HAYS for appellant.

J. F. WINN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

On February 17, 1916, the appellee and defendant below, J. S. Oliver, executed and delivered his promissory note to Thad Hampton by which he agreed and promised to pay him one day thereafter the sum of $400, with interest from date until paid. On June 1, 1922, it was credited with a payment of $18.10, and on August 1, 1923, another payment was made of $12.20, and both of which were indorsed on the back of the note by the payee. On March 18, 1930, the payee wrote and signed on the back of the note this transfer: "For one dollar and other considerations I sign this note to John M. Garnett." The latter, who is the appellant and was plaintiff below, on September 16, 1930, filed this ordinary action in the Clark circuit court against defendant seeking the recovery of a judgment against him, and the petition set out the foregoing facts and that the note was past due and unpaid, and prayed for a judgment for the balance due, with interest. The note with the indorsement thereon, and with the written assignment of it to plaintiff, was filed as an exhibit with the petition.

At the appearance term of the court defendant moved that the plaintiff be required to make his petition more specific by setting out "the alleged valuable consideration paid by him to Thad Hampton," and the court sustained it over the objections and exceptions of plaintiff. The defendant then filed a general demurrer to the petition, and at a later day in the term plaintiff declined to amend his petition or to make it more specific, as the court had determined should be done in sustaining defendant's motion for that purpose, and he at the same time tendered and moved the court to enter judgment in his favor as prayed in his petition; but that motion was overruled, to which plaintiff objected and excepted. Whereupon the court dismissed the petition, to reverse which plaintiff has filed a transcript of the record in this court with a motion for an appeal.

It does not appear anywhere in the record the grounds upon which the court rendered the judgment appealed from, but in briefs of counsel for both sides it is conceded that it was under the impression that section 475 of our present Statutes governed the case and measured the amount which plaintiff was entitled to recover, and brief of counsel for defendant also attempts to sustain that conclusion. That section says:

"In an action on any assignment of a writing, it shall be necessary to aver the consideration for the assgnment, and only the consideration actually paid by the plaintiff for the note or assignment thereof shall be recoverable by him."

We find oursleves unable to agree with the court, if it was so moved in rendering its judgment, or with the argument of counsel in his effort to sustain it, since it is our conclusion that the section has no application whatever to the facts of this case. It was intended to govern an action brought by an assignee of a written promise or obligation against his assignor based upon the contract of assignment, and it was never intended to affect, nor does it apply to, an action brought by the assignee against the obligor, the payor, or maker of the obligation sued on, and which conclusion is so clearly apparent that we are unable to see how it can be rendered more so by any amount of elaboration or discussion.

Indeed, appellee's counsel in their brief do not appear to take a contrary position, and content them-

selves with arguing that the note sued on is not, under our "Negotiable Instruments" statute (chapter 90a of our present Statutes, and being its sections 3720b-1 to and including 3720b-195), a negotiable one so as to come within the provisions of that statute, and that the rights of the parties thereto are not governed by it, and which may be readily conceded (it not being payable "to order" or "bearer"), but the relevancy of which to the proposition under consideration is not apparent.

Section 474 of our present Statutes says: "All bonds, bills, or notes for money or property shall be assignable so as to vest the right of action in the assignee; but except in case of bills of exchange, not to impair the right to any defense, discount, or offset that the defendant has and might have used against the original obligee, or any intermediate assignor, before notice of the assignment." In the notes of the annotator of the Statutes to that section will be found a number of cases from this court upholding the right of an assignee of a liquidated amount, especially when it is evidenced by a written obligation, to maintain an action against the obligor in his own name, notwithstanding the fact that the assigned obligation is not so drawn as to render it a negotiable instrument within the meaning of the negotiable instruments statute, supra, and which, in effect, was the holding of this court in the cases of McGowan v. People's Bank, 185 Ky. 20, 213 S. W. 579, and Cox v. Riggins, 223 Ky. 510, 4 S. W. (2d) 403.

In those cases the signed obligations were so worded as to be governed by the negotiable instruments statute, but they were assigned after they became due, and which did not make the assignee a holder in due course so as to be immune from defenses against the maker, but which would be true if the assignment was made to one without notice before the maturity of the assigned obligation. In such circumstances the assignee of negotiable paper after maturity acquires the same rights as the assignee of an obligation, either before or after maturity, but which was never a technical negotiable instrument. See, also the case of True v. Triplett, 4 Metc. 57, the opinion in which recognizes the right of an assignee of a nonnegotiable instrument to recover against the maker the amount thereof, subject only to defenses that the latter might have as against the payee in the instrument, and which right is expressly recognized in section 474, supra, of our Statutes.

It is therefore clear that plaintiff herein was entitled to recover from the defendant the amount of the note sued on, but with the right of the latter to interpose any defense hat he might have as against Hampton, the assignor, and which would be true also if the assignment had been made before maturity of the assigned obligation; and which is likewise true in the case of an assignment of a technical negotiable instrument when the assignment is made after its maturity. The court therefore erred in sustaining defendant's motion to require plaintiff to state the true consideration for the assignment, and likewise erred in dismissing the petition upon his refusal to do so.

Wherefore an appeal is granted, and the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.