### Smith v. Greife.

(Decided March 22, 1932.)

HORACE W. ROOT for appellant.

HUBBARD SCHWARTZ for appelee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Hazel M. Smith instituted an action against John Greife seeking recovery upon a negotiable promissory note. The petition alleged facts showing that the plaintiff was a holder in due course. The defendant denied that the plaintiff was a holder in due course, and pleaded

affirmatively that she became the holder of the note after its maturity, with notice that it had been dishonored, and that she did not take the note in good faith for value, but that at the time the note was attempted to be negotiated to her she had notice and actual knowledge of a defect in the title "in that she knew that the payee had procured the instrument by fraud and misrepresentation and without consideration." The affirmative allegations of the answer were traversed by a reply, and a jury trial resulted in a verdict for the defendant. A new trial was awarded, and the jury again found for the defendant. The court declined to grant another trial and dismissed the action. The appeal is prosecuted by the plaintiff.

The testimony established that the plantiff was a holder of the note in due course. A holder in due course is one who has acquired the instrument under the following conditions:

(1) That the instrument is complete and regular upon its face.

(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

(3) That he took it in good faith and for value.

(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Ky. Stats., sec. 3720b-52; American National Bank v. Minor & Son, 142 Ky. 792, 135 S. W. 278; Traders' Securities Co. v. J. E. Oslin & Son, 227 Ky. 828, 14 S. W. (2d) 149.

It appeared that the defendant had executed the note to H. B. Dean on July 12, 1928. It was regular in form, payable in ninety days, and contained all the characteristics essential to constitute a negotiable instrument. Ky. Stats., section 3720b-1. The plaintiff testified that she acquired the note for a cash consideration on July 14, 1928, and paid for it in full by July 16, 1928. She had no notice, whatever, of any defect in the title or of any infirmity in the note. It was acquired through the agency of her attorney, though she made the final payment in person. The attorney corroborated the testimony of the plaintiff, and further testified that he had no notice or knowledge of any infirmity in the instrument. Dean, the payee, testified that he sold the note to the attorney, but received the larger installment of the consideration direct from the plaintiff. There was no testimony tending to impugn

the fact that the plaintiff bought the note and paid for it without notice of any defense thereto. Soon after it was purchased the note was left at the bank where it was payable with instructions to collect it when due, and to credit the proceeds to the account of the plaintiff. No fact or circumstance appears to contradict the testimony for the plaintiff. The defendant relied upon a letter written after the maturity of the note as some evidence that the attorney, and not the client, was the original purchaser of the note. But no such inference is justified. The letter bore the signature of the attorney, recited that he had purchased the note, demanded payment thereof, and threatened suit, if payment was delayed beyond a specified date. The letter further stated that any defense against Dean would not affect the holder of the note. The reference was explained by a previous statement in the letter that the defendant had told the attorney that he desired a delay of a few days to communicate with Dean to secure some credits claimed. The fact is not contradicted that the attorney acted throughout for the plaintiff. If the letter could be construed as a statement that the note was purchased by the attorney for himself, and not for his client, it would be immaterial, since he had no notice of any defect in Dean's title to the note. Ky. Stats., sec. 3720b-58. The record reveals no testimony tending to show that plaintiff was not a holder of the note in due course. Being such a holder, the instrument in the hands of the plaintiff was not subject to the defenses interposed in this case. Ky. Stats., sec. 3720b-57. Gardner v. Commercial Securtiy Co., 184 Ky. 164, 211 S. W. 405; Southern Insurance Co. v. Milligan, 154 Ky. 216, 157 S. W. 37. Hence, the plaintiff was entitled to a peremptory instruction to the jury to find in her favor.

All other questions debated by counsel or lurking in the record are reserved.

The judgment is reversed, for proceedings in accordance with this opinion.