# Worden v. Kennedy.

(Decided Jan. 10, 1933.)

LEO J. SANDMANN for appellant.

TRABUE, DOOLAN, HELM & HELM for appellees George Kennedy, George Ewald and Oscar Bishop.

WILLIAM F. CLARKE, Jr., for Lincoln Bank & Trust Co.

H. B. JONES for other appellees.

JOHN M. BULL, Jr., warning order attorney.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The question herein to be determined is the sufficiency of the petition as amended, when tested by a demurrer. Worden charges in it that he was solicited to purchase ten shares of stock, at $150 per share, of the Union Central Bank, and that he executed and de-

livered his note, payable 90 days after date to the order of the Union Central Bank for $1,500; that the stock was issued in his name and not delivered to him, but attached as collateral to secure the payment of his note; that it was afterwards indorsed "without recourse," by the Union Central Bank, by G. M. Kennedy, vice president, and also by Ewald, Kennedy & Bishop, by Oscar Bishop, to the Lincoln Bank & Trust Company. He charges that the assignment of the note by the Union Central Bank to Ewald, Kennedy, and Bishop, who were officers and directors of the bank, was without consideration, unauthorized by the stockholders and directors of the bank, a subterfuge and fraud for the purpose of attempting to escape liability under "the Kentucky Banking Act." He avers that Ewald, Kennedy & Bishop were not a firm, partnership, or corporation, but individuals, officers and directors of the Union Central Bank. When his note matured on the 5th day of August, 1930, he signed a renewal payable to Ewald, Kennedy & Bishop, and secured it by the ten shares of stock in the Union Central Bank. The original note was marked "cancelled" and delivered to him, when he discovered for the first time that it had been indorsed as above indicated. The renewal note was the form note used by the Union Central Bank, in which its name as payee was printed, but was scratched out, and the names of Ewald, Kennedy & Bishop written therein when it was returned to him at the time it was renewed and canceled. He alleges that no transaction occurred between him and Ewald, Kennedy & Bishop, and no consideration passed between him and them. He again renewed the note, and this renewal was payable to Ewald, Kennedy & Bishop, secured by the ten shares of stock, and indorsed by them and placed as collateral to secure their note to the Lincoln Bank & Trust Company. He alleges that the name, "Ewald, Kennedy & Bishop" does not sufficiently identify them. The Worden notes as they were executed and delivered by him were indorsed, the first one as we have indicated, and the other two by Ewald, Kennedy & Bishop, and placed as collateral security to the note executed by Ewald, Kennedy & Bishop to the Lincoln Bank & Trust Company. He charges that the note to the Lincoln Bank & Trust Company is a personal note of Ewald, Kennedy & Bishop, and not a note of a firm, partnership, or corporation, and that the Lincoln Bank & Trust Company

is not the holder of his note, dated November 3, 1930, for a valuable consideration; that it is not the holder of the note, except as security or collateral, and that any money advanced or paid by it to Ewald, Kennedy & Bishop was evidenced by their note secured by his note for the $1,500.

By amended petition he charges that, "on the 7th day of May 1930, the date on which the plaintiff was induced to purchase the stock of the Union Central Bank, representations were made to this plaintiff that the Union Central Bank was solvent and sound, but that the said institution was not sound or solid; that this plaintiff .did not know it, and could not have known it, but these individual defendants, Ewald, Kennedy & Bishop, did know it, or by the exercise of ordinary care could have known that their bank was neither solvent nor sound, and that was the reason they were compelled to borrow $18,000 from the Lincoln Bank in order to bolster up the credit of the Union Central Bank and that the Lincoln Bank did not regard the Union Central Bank as being solvent, or else it would not have required the collateral notes which these defendants deposited as additional security for the loan."

He filed this action against the Lincoln Bank & Trust Company and Ewald, Kennedy & Bishop, to have the second renewal note canceled. Evidence was taken and filed herein, but it cannot be considered when determining the sufficiency of the original and amended petition when tested by a demurrer.

The allegation that Worden's note was executed and delivered without consideration is overcome by the allegation of his pleading that it was executed and delivered for stock in the Union Central Bank. Napier & Co. v. Feltner, 216 Ky. 509, 287 S. W. 974. The allegation that no delivery to him of the stock was made is refuted by the admission in his pleading that it was attached as collateral security to the note executed and delivered by him therefor. A physical delivery of the stock and his manual possession were not necessary or required. Attaching the stock as collateral to his first note, and its retention as collateral until the bringing of this action, with his knowledge and acquiescence, constituted a delivery within the meaning of this term.

Worden's attack of the indorsement of his original note by the Union Central Bank, without recourse, to

Ewald, Kennedy & Bishop, and by them to the Lincoln Bank & Trust Company, is not sufficient to constitute a cause of action to cancel his note. It is no concern of his what arrangement was entered into between the Union Central Bank, Ewald, Kennedy & Bishop, and the Lincoln Bank & Trust Company. The indorsement of his note by the Union Central Bank, and by Ewald, Kennedy & Bishop, vested the legal title thereto as against him in the Lincoln Bank & Trust Company, and the indorsement of the same to the Lincoln Bank & Trust Company, even if it were without consideration, neither invalidated the note, nor constituted a defense to it. McGowan v. People's Bank, 185 Ky. 20, 213 S. W. 579; Garnett v. Oliver, 239 Ky. 813, 40 S. W. (2d) 322. The indorsee or assignee of a negotiable or non-negotiable note is entitled to recover of the maker the amount thereof, whether the indorsement thereof to him was with or without a consideration. Sections 3720b-1 to 3720b-195 and sections 474 and 475, Ky. Statutes; Garnett v. Oliver, supra; Cox v. Riggins, 223 Ky. 510, 4 S. W. (2d) 403. The allegations of the petition show that the Lincoln Bank & Trust Company was a holder in due course of Worden's notes before maturity. The fact it held the same as collateral to secure the payment of the note executed and delivered to it by Ewald, Kennedy & Bishop, did not affect its right as such holder. Section 3720b-52, Ky. Statutes; Harrison v. Nicholson-Foley Co., 179 Ky. 518, 200 S. W. 929; Bedinger v. Citizens' National Bank of Covington, 212 Ky. 486, 279 S. W. 622; Thomas v. Siddens, 230 Ky. 651, 20 S. W. (2d) 482.

It is not charged in the original or amended petition that the Lincoln Bank & Trust Company had knowledge or information of any fact tending to show an infirmity or defect in either of the notes of Worden at the time they were successively indorsed to, and accepted by, it as collateral security. The status of the ownership or equitable rights of an indorsee of a note must be determined by the information he has concerning the note at the time he accepts same as collateral security. A holder in due course cannot be prejudiced by the acts of an indorser of which he has no knowledge at the time he accepts same. American National Bank v. Minor & Son, 142 Ky. 792, 135 S. W. 278. There is no allegation in either the original or amended petition

720

showing or tending to show that the Lincoln Bank & Trust Company did not in good faith accept Worden's note, or did so with knowledge of any fact or facts such as to deprive it of its right as a holder in due course. Pratt v. Rounds, 160 Ky. 358, 169 S. W. 848; Security Finance Co. v. Thompson, 216 Ky. 364, 287 S. W. 938; Security Finance Corp. v. Collins, 224 Ky. 134, 5 S. W. (2d) 886. Conceding that Worden executed his note without consideration, and that it was obtained by fraud, the Lincoln Bank & Trust Company, being a holder in due course, within the meaning of this term as it is used in section 3720b-52, Ky. Statutes, the petition and amended petition contain no allegation showing or tending to show knowledge thereof on the part of the Lincoln Bank & Trust Company, or its knowledge of such facts that its action in taking the note as collateral amounted to bad faith. Therefore, neither states a cause of action as against it. Sections 3720b-1, 3720b-52, 3720b-56, 3720b-57, 3720b-58, Ky. Statutes; Montenegro-Riehm Music Co. v. Ill. Trust & Savings Bank, 164 Ky. 608, 176 S. W. 32; Security Finance Corp. v. Collins, supra; Smith v. Griefe, 243 Ky. 390, 48 S. W. (2d) 542.

The allegations of the amended petition charged misrepresentation as to the solvency of the Union Central Bank without the further allegation that the Lincoln Bank & Trust Company at the time it accepted Worden's note had knowledge of the making of such representations; therefore, even if true, it states no ground for canceling his note as to it. See cases supra. The relief prayed for in the original and amended petition was the cancellation of his note which his pleadings show was held as collateral by the Lincoln Bank & Trust Company as a holder in due course. His cause of action therein set forth when tested by a demurrer must be confined to the relief prayed for. Cooper et al. v. Williamson et al., 191 Ky. 213, 229 S. W. 707.

If it be conceded that the allegations of the pleadings states a cause of action entitling Worden to a cancellation of the note as to the Union Central Bank, or Ewald, Kennedy & Bishop, or both, the Lincoln Bank & Trust Company was a holder in due course of the note as collateral, to secure the note of Ewald, Kennedy & Bishop, to the extent of the amount for which it holds it. Thomas v. Siddens, 230 Ky. 651, 20 S. W. (2d) 482.

The note being so held by the Lincoln Bank & Trust Company, with no allegations in the original or amended petitions authorizing the cancellation of the note as to it, and no other relief being sought, the court did not err in sustaining the demurrer to the petition as amended.

Wherefore the judgment is affirmed.